## In re MUSKOKA LUMBER CO.

(District Court, W. D. New York. February 9, 1904.)

No. 673.

1. BANKRUPTCY—TIME FOR PROOF OF CLAIMS—CREDITOR HAVING NO NOTICE OF PROCEEDINGS.

> A creditor cannot prove his debt against a bankrupt estate after the expiration of the year limited therefor, although he had no notice or knowledge of the proceedings during that time, and the estate is still undistributed.

In Bankruptcy. On review of decision of referee.

Edward M. Mills, for creditor.
William M. Wheeler, for trustee.

HAZEL, District Judge. The present bankruptcy act requires strict notification of the various steps in bankruptcy to be given the creditor, and that, the provision of law not being complied with, the discharge of the bankrupt is not effective in an action upon his claim brought by a creditor who has not received such notice. The question here is whether a creditor who has not received the required notice, and who, within such period, had no knowledge of the bankruptcy, may, after the expiration of one year after adjudication, and before distribution of the estate by the trustee, prove his claim against the bankrupt estate. The language of the act (Bankr. Act July 1, 1898, c. 541, § 57n,. 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]) is clear and explicit, and, as said in Bray v. Cobb, 3 Am. Bankr. R. 792, 100 Fed. 270, more than limits the time in which claims against the bankrupt estate may be proved. See In re Moebius, 8 Am. Bankr. R. 590, 116 Fed. 47; In re Brown, 10 Am. Bankr. R. 588, 123 Fed. 336. The remedy of the claimant must therefore be sought in an action at law to recover upon the debt, and cannot be enforced against the fund in process of distribution. It is argued that the bankrupt, a corporate entity, by its adjudication in bankruptcy, is entitled to a discharge under the express provisions of the statute, and hence, for all practical purposes, the corporation is terminated. It is perfectly true that a trustee of the bankrupt corporation is empowered to close up the affairs of the corporation, and make payment pro rata to the creditors who have proved their claims within the time limited by the statute. By thus complying with the provisions of the bankrupt act, the corporate entity, however, does not cease to exist; and accordingly the question suggested in argument, that the petitioners here are deprived of a substantial right guarantied by the federal Constitution and laws, is not involved. It is a misfortune that the petitioner is deprived of the proportionate payment of the assets, but the entire theory of the bankrupt act, as stated by the cases, would seem to be the settlement of the estate in bankruptcy within a reasonable time. Congress, in its wisdom, has said, "Claims shall not be proved against the bankrupt estate subsequent to one year." This provision must be strictly construed against the creditor, in order to carry out the liberal spirit shown by other provisions of the act towards the debtor.

The ruling of the referee was correct, and the question submitted for review is answered in the negative.