### In re INGALLS BROS.

(Circuit Court of Appeals, Second Circuit. March 1, 1905.)

#### No. 121.

BANKRUPTCY—TIME FOR FILING PROOF OF CLAIMS—POWER OF COURT TO EXTEND.

Within the meaning of Bankr. Act 1898, c. 541, § 57n, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444], which provides that claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication, a claim is not proved until it has been filed, and neither the court nor a referee has any discretionary power to permit the filing of proofs of claim after the expiration of such year, either nunc pro tunc or other-

wise, nor is their power in that respect enlarged by the fact that the proofs were delivered to the trustee within said year.

Appeal from the District Court of the United States for the Northern District of New York.

The following is the opinion of King, Referee:

Three alleged creditors herein have filed petitions asking leave to file proofs of claims not filed within a year after adjudication. Within that year J. B. Orcutt Company verified a proof for $893.68; C. H. Dauchy Company, a proof for $3,535.67; Charles Duncan, a proof for $3,844. The Orcutt and Dauchy proofs were duly received by said Duncan, who is the trustee herein, for the purpose of being filed with the referee, and, together with his personal proof, were handed to his official attorney, with instructions to file all three proofs. The attorney instructed his clerk to file them, but the clerk neglected to do so. Certain creditors have objected to their being now filed.

The question for determination is whether, as matter either of right or of discretion, these proofs can now be filed. The earnestness and ability of counsel have left little to be said, and no attempt will be made to follow out all the various lines of argument suggested; but it seems desirable to indicate something of the considerations involved in the decision reached.

The petitioners assert two things, viz.: (1) That neither section 57n (Act July 1, 1898, c. 541, 30 Stat. 561 [U. S. Comp. St. 1901, p. 3444]), nor any other provision of the bankrupt act, limits the filing of a proof of claim to a year or any particular time after adjudication; and (2) that if this be not true, then the last sentence of general order 21 (1) 89 Fed. ix, 32 C. C. A. xxii) operates to confer jurisdiction, under the circumstances of this case, to permit filing after the expiration of a year nunc pro tunc as of a date within the year.

Briefly stated, the argument for the first proposition is that section 57a (30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]) defines a proof of claim as "a statement under oath, in writing, signed by a creditor, setting forth the claim," etc.; that subdivision "e" provides that "claims after being proved may, for the purpose of allowance, be filed by the claimants before the referee"; that subdivision "d" provides that "claims which have been duly proved shall be allowed, upon receipt by or upon presentation to the court (referee)," etc.; that subdivision "n" provides that "claims shall not be proved against a bankrupt estate subsequent to one year after adjudication"; that a "proof" is a claim "proved"; that the word "proved" must be assumed to have been employed in but a single sense and with a single meaning in the same section, and was not designated and cannot be construed to have in subdivision "n" any larger meaning than in "a," "c," or "d"; in short, that no logical or necessary construction of subdivision "n" imposes any limitation upon the time of filing, but the contrary; and, finally, applying the section to the facts of this case, that the three claims in issue, having been "proved" within the year, may be filed at any time.

As a matter of first impression, the construction urged seems almost conclusively reasonable. Pursued further, however, the proposition is perhaps reduced to the absurd, when it is seen that the prohibition against "proving" in its literal effect would not prohibit—would simply forbid an act which per se would be not only utterly harmless but utterly foolish, unless logically related to some further act designed to render it effective. If "proved" in subdivision "n" is the mere equivalent of "proof" in subdivision "a," and "proved" in subdivisions "c" and "d," there seems to be nothing better than some purely speculative reason for subdivision "n," since practically the time of verification can make no possible difference to parties in interest except as involved in the time of filing. "Proof" under subdivision "a" involves nobody, save the creditor himself; filing—"proved"—under subdivision "n" involves notice to all parties in interest. That the presumably logical and consistent use of language is opposed by the practically illogical and inconsistent consequences involved seems to have been the decision or assumption of every court before which the interpretation of subdivision "n" has arisen, although most of the decisions are somewhat general, rather than specific, and none of them specifically appears to have been predicated upon the precise state

of facts disclosed here, i. e., upon proofs verified within the year, but offered for filing thereafter, which squarely raises the question of construction. However, their purpose cannot be doubted, and, being unbroken in point of their conclusion, they must be accepted as conclusive against the petitioners. Stated in the order in which they are reported, they are: In re Stein (D. C.) 1 Am. Bankr. Rep. 662, 94 Fed. 124; Bray v. Cobb (D. C.) 3 Am. Bankr. Rep. 788, 100 Fed. 270; In re Shaffer (D. C.) 4 Am. Bankr. Rep. 728, 104 Fed. 982; In re Rhodes (D. C.) 5 Am. Bankr. Rep. 197, 105 Fed. 231; In re Leibowitz (D. C.) 6 Am. Bankr. Rep. 268, 108 Fed. 617; Hutchinson v. Otis, 8 Am. Bankr. Rep. 382, 115 Fed. 937, 53 C. C. A. 419; s. c. on appeal, 10 Am. Bankr. Rep. 135, 190 U. S. 552, 23 Sup. Ct. 778, 47 L. Ed. 1179; In re Towne (D. C.) 10 Am. Bankr. Rep. 284, 122 Fed. 313; In re Moebius (D. C.) 8 Am. Bankr. Rep. 590, 116 Fed. 47; In re Bimberg (D. C.) 9 Am. Bankr. Rep. 601, 121 Fed. 942; In re Prindle Pump Co. (D. C.) 10 Am. Bankr. Rep. 405; In re Thompson's Sons (D. C.) 10 Am. Bankr. Rep. 581, 123 Fed. 174; In re Brown (D. C.) 10 Am. Bankr. Rep. 588, 123 Fed. 336; In re Lane (D. C.) 11 Am. Bankr. Rep. 136, 125 Fed. 772. See, also, In re Stoever (D. C.) 11 Am. Bankr. Rep. 345, 127 Fed. 394. The conclusion that subdivision "n" relates to filing is categorically stated in Collier (4th Ed.) 394.

I hold that no statutory right to file a proof of claim subsequent to the expiration of a year after adjudication exists.

This leads to the second proposition at issue, which is most strenuously urged. Irrespective of statutory powers, courts always possess the inherent power to be just in their direct dealings with persons subject to their jurisdiction and orders and in case of fraud. In re Wolff (D. C.) 4 Am. Bankr. Rep. 74, 100 Fed. 430; In re Towne, supra. It is unnecessary to pursue the refinements of this subject. It is necessary to admit that the arguments advanced in support of the issue appeal very strongly to the sense of justice. The issue itself presents a radical problem, turning upon the effect attributable to the final sentence of general order 21 (1).

The bankruptcy act, section 30, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3434] provides: "All necessary rules, forms and orders as to procedure and for carrying this act into force and effect shall be prescribed, and may be amended from time to time, by the Supreme Court of the United States." Pursuant thereto that court prescribed general order 21 (1), which, by its final sentence, provides: "Proofs of debt received by any trustee shall be delivered to the referee to whom the case is referred." The act, section 47, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3438], prescribes, and general order 17 (89 Fed. viii, 32 C. C. A. xix) relates to, duties of trustees, but no such duty is among them. The subject of proofs of claim is covered by section 57.

The act of 1867, § 10, 14 Stat. 521, c. 176, provided "that the justices of the Supreme Court, subject to the provisions of this act, shall frame general orders for the following purposes: For regulating the duties of the several officers of said courts." Section 22, 14 Stat. 527, provided: "If the proof is satisfactory to the register (referee), it shall be delivered or sent by mail to the assignee (trustee), who shall examine the same and compare it with the books and accounts of the bankrupt, and shall register, in a book to be kept by him for that purpose, the names of the creditors who have proved their claims, which books shall be open to the inspection of all the creditors." To regulate this duty general order 34 provided: "Proofs of debt received by any assignee shall be delivered to the register to whom the case is referred." Thus it appears that this general order was strictly within section 10 operating upon section 22.

Under the act of 1898, general order 34, just mentioned, became the basis of general order 21; but so carelessly were the changes made that although "trustee" replaced "assignee," and "referee" replaced "register," "claim" did not replace ":debt," and apparently no comparison of the two acts and study of the old general orders sufficient to produce harmonious results was made. The same criticism applies equally to various other general orders.

The point sought to be emphasized is the necessary connection between the act of 1867 and its provisions just considered contained in general order 34 as contrasted with the entire lack of connection between the act of 1898 and its similar provisions in general order 21 (1), which has no reason to be.

Does section 30 of the present act, already quoted, contemplate any enlargement of the rights or duties of any person prescribed by the act? Undeniably the general orders are treated in practice as essential upon the subjects to which they relate. This very general order 21 (1) is inevitably effective in its requirements preceding the sentence in question, as has been held whenever it was considered. It is claimed upon behalf of the trustee herein that the general orders possess the force of law. That proposition, if conceded, would permit them to be inconsistent with the statute of which they are the creatures and to modify or enlarge it. Even though controlling, so far as not inconsistent with the act, certainly they must yield to the act, and cannot operate to prevent or alter its operation.

Perhaps unwilling recognition of this conclusion induces the further contention of the trustee that a decision of the question whether section 57n limits the time within which proofs can be filed is unnecessary to the determination of the question whether, in view of the special sentence in general order 21 (1), the court possesses power to permit the filing nunc pro tunc of the proofs in issue. This contention seems wholly untenable.

The authorities hereinbefore cited do or do not correctly declare the meaning of section 57n. If they do correctly declare it, the Supreme Court is powerless to vary it. The sentence of general order 21 (1) in issue either does or does not impose a duty. If it does impose a duty, clearly the trustee is at fault, and the remedy of the petitioners is upon his bond, which was given expressly to secure the faithful discharge of his duties, rather than in the favorable discretion of the court. If it does not impose a duty, equally clearly creditors cannot rely upon it, since they were not justified in depending upon mere volunteer action. It is urged that its existence is a perpetual snare and menace to creditors, and so puts the court in the position of doing injustice which good conscience requires it to rectify and which it has inherent power to rectify. Its existence is certainly unfortunate, and particularly to the petitioners, if their present plight be attributable to it. That, however, seems not to be at all the case, the proximate cause being mere carelessness, altogether not imputable to them. But to hold it a perpetual snare, in the sense and with the effect claimed, would be to hold it per se a perpetual abrogation of section 57n, entitling any tardy creditor at any time, and all tardy creditors at all times, to avoid the limitation, even to the point of fraud and injustice. Thus section 57n is inevitably involved in any decision of the right to exercise discretion.

Discretion depends upon particular facts, not upon fixed general conditions. Compulsory discretion would be no discretion. To recognize the mere existence of this obnoxious sentence as a sufficient basis for the exercise of discretion in the case at bar would be to compel the same action in every case, and so to nullify section 57n. In the case at bar no particular facts appear to specialize it, and so call for or justify the exercise of any discretion—such as a direct act of the court, which the court could readily see had produced damage. It was not misapprehension, but was carelessness, which produced the trouble. If section 57n creates no limitation upon filing, no discretion need be invoked; if it creates the limitation declared by the authorities cited, no discretion can be exercised, even though invoked, merely in consequence of the existence of the obnoxious provision of general order 21 (1) or upon the facts of this case. Wait v. Van Allen, 22 N. Y. 319; People v. Security Co., 79 N. Y. 267; McQuigan v. R. R. Co., 129 N. Y. 50, 55, 29 N. E. 235, 14 L. R. A. 466, 26 Am. St. Rep. 507.

In reaching this conclusion, it has become logically necessary to disregard In re Seff, the only decision urged as direct authority for the position of the petitioners. The papers therein have been treated as properly authenticated. Considerable might be said about them, but if the conclusions reached herein are correct the Seff order is erroneous from whatever standpoint viewed, whether based upon the mere existence of the provisions of general order 21 (1) or upon the exercise of discretion.

Careful consideration has been given to all the arguments submitted, but for the reasons stated I believe I am powerless to allow the proofs of claim in issue to be filed, and I so decide.

An order may be entered accordingly.

This cause comes here upon appeal from an order of the District Court, Northern District of New York, providing that the claims of three creditors of the bankrupt, one of whom is also the trustee, be received and filed by the referee, although they had not been presented to him within one year after adjudication.

William W. Morrill, for J. B. Orcutt Co. and Charles Duncan.

Thomas O'Connor, for C. H. Dauchy Co.

H. W. Smith, for trustee.

H. D. Bailey and Frank H. Deal, for objecting creditors.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The referee rejected the claims, but the District Judge reversed his ruling, evidently in order to conform the practice in the Northern District to that followed in the Southern District. In re Seff (unreported). The opinion of the referee sets forth the facts, and contains a very full discussion of the questions of law involved, and we concur in his interpretation of the statute and in his conclusions. His opinion is not reported, but it may be printed as a supplement to this memorandum.

The order of the District Court is reversed.