ways for approaching vehicles just as he started, but upon his own testimony it is not quite clear how often he .looked south after he started and became engrossed in the enterprise of crossing the torn-up roadbed of the north-bound track; certainly he did not so look within a few seconds before the accident, or he would have seen the automobile which struck him. But the question of his negligence under all the circumstances was clearly one for the jury to pass upon under proper instructions as to his rights and obligations.

2. Exception was reserved to the charge, on plaintiff's request, that "there is no duty, as a matter of law, upon a person crossing the street, either at a crosswalk or elsewhere, to look up and down to avoid an approaching wagon." No authority is cited holding that the rule, frequently applied at steam railroad crossings, that as a matter of law a person must "stop, look, and listen," prevails to an ordinary street crossing in a city; and we are not prepared so to extend it. Moreover, the question is academic here, for the plaintiff concededly looked both ways before he started.

3. Exception was also reserved to this part of the charge:

"If a man starts—although he has a right so to do—to cross a street without looking for vehicles passing across his path or likely to cross his path as he goes across the street, that man may be found negligent because he has neglected a duty which both the law and common sense casts upon him, namely, to take reasonable precaution to avoid dangers reasonably to be anticipated."

We find no error in it.

The judgment is affirmed.

---

### In re PECK.

(Circuit Court of Appeals, Second Circuit. February 16, 1909.)

#### No. 157.

BANKRUPTCY (§ 328*)—TIME FOR PROVING CLAIMS—POWER TO EXTEND.

Under Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), which expressly provides that "claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication" unless they are liquidated by litigation, the court has no power to extend the time merely because creditors were misled as to the value of assets by statements in the schedules and neglected to prove their claims.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 518; Dec. Dig. § 328.*]

Petition to Review Order of the District Court of the United States for the Northern District of New York.

This cause comes here upon petition to revise an order of the District Court, Northern District of New York, denying an application by certain creditors of the bankrupt to be allowed to come in and file and prove their claims after the expiration of one year from adjudication. The opinion of the District Court is reported in 161 Fed. 762.

Edgar F. Brown, for bankrupt.

H. M. Mott, for petitioners.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. We think the language of section 57n, Bankr. Act July 1, 1898, c. 541, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), is conclusive of this appeal. It reads:

"Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment."

The latter clause of this paragraph is somewhat ambiguous, and has been construed in cases which are relied upon by the petitioner. Such are In re Noel, 150 Fed. 89, 80 C. C. A. 43; In re Baird (D. C.) 154 Fed. 215; Keppel v. Tiffin Savings Bank, 197 U. S. 356, 25 Sup. Ct. 443, 49 L. Ed. 790. But the first clause of paragraph is unobscure and specific; it prescribes a period of limitations, and there is nothing in the act which relieves any creditor from its operation, except in the case where claims are being liquidated by litigation. Whether or not there may be exceptional cases which would not fall within the statute is a question on which we now express no opinion; but to hold that this clear and imperative provision is to be disregarded whenever a creditor may assert that he was misled because the bankrupt's schedules stated that some particular asset was of little or no value seems to us to be legislation, not construction.

The order of the District Court is affirmed.

---

### MORSE v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. February 12, 1909.)

CRIMINAL LAW (§ 1132*)—APPEAL AND ERROR—PROCEDURE.

   The hearing on a writ of error in a criminal case expedited by dispensing with the printing of the record and briefs, where serious objection was made to the enlargement of the defendant on bail.

   [Ed. Note.—For other cases, see Criminal Law, Dec. Dig. § 1132.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

On Motion of Defendant to be Admitted to Bail

See, also, 161 Fed. 429.

Martin W. Littleton, for the motion.

Henry L. Stimson, U. S. Atty., opposed.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

PER CURIAM. We have considered the defendant's application for bail in all its aspects, not overlooking the petitions which have been signed by many prominent citizens on his behalf.

The question presented is a perplexing one. On the one side it is urged that the defendant's affairs are in a condition which demands his personal attention at various places in this city, and, on the other, the District Attorney strenuously urges that if admitted to bail the de-