## In re PIERSON.

(District Court, S. D. New York.   November 13, 1909.)

BANKRUPTCY (§ 372*)—REOPENING OF ESTATE—EXTENSION OF TIME FOR FILING CLAIMS.

Where a bankrupt scheduled no assets, and in consequence no claims were proved and no trustee was appointed, but the estate was formally closed and the bankrupt discharged, on the discovery of previously unknown assets by him and the reopening of the estate, under Bankr. Act July 1, 1898, c. 541, § 2 (8), 30 Stat. 546 (U. S. Comp. St. 1901, p. 3421), the court may permit the filing of claims for a year from the date of the order, although the year from the adjudication, to which the filing of claims is limited by section 57n, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), has expired.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 574; Dec. Dig. § 372.*]

In the matter of Edgar L. Pierson, bankrupt.   On application by bankrupt to reopen proceedings.   Application granted.

This was an application by the bankrupt to reopen the administration of the estate under Act July 1, 1898, c. 541, § 2, subd. 8, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3421), upon the ground that there are newly discovered assets in the form of land, the title to which the bankrupt did not know he held at the time of filing the petition. At the first administration of the estate in 1899, no assets were scheduled, and as a consequence no claims were proved. The referee held no meeting of creditors, appointed no trustee, and closed the estate without further formality. Later the bankrupt got his discharge. Now, upon discovering an interest in real property, he seeks further administration.

Dennis & Buhler, for bankrupt.

HAND, District Judge (after stating the facts as above).  There is only one difficulty in the way of the relief asked, which is that under the statute it is long since too late to prove claims.  Had any claims been proved, and had there originally been actual administration of any assets, then only those claims which had been proved could now come in.  Re Shaffer (D. C.) 104 Fed. 982.  Here no claims were filed, for the very good reason that there was then no use in proving them.  Unless they may now be proved, the bankrupt cannot do what he honestly wishes, which is to remedy the effect of his mistake.

It is not likely that Congress would have intended such a result, had the matter come before it.  Under section 2, subd. 8, I have the power to reopen this estate, if it appears that it was closed before being fully administered.  Unless I allow the claims to be proved, it is a mere formality to reopen the estate, for no one can elect a trustee.  In short, I must make section 2, subd. 8, of no effect, if I do not permit the proof of claims.  Of course, one might say that estates could be reopened only in case there had been some assets originally; but there is no reason for limiting the intention of Congress in that way.  Literally or verbally considered, there is a conflict between two provisions, which must be resolved by trying to interpret what the reasonable intention of Congress must have been.  I cannot hesi-

tate to believe that section 2, subd. 8 applies, and that claims may still be proved.

As the creditors had no possible inducement to file claims at first, they may have now one year from the date of the present order. Let an order pass, reopening the estate, so as to include the assets mentioned, referring the administration in due course, directing the referee to advertise for a first meeting, to take proof of claims, and to superintend the appointment of a trustee.

The bankrupt must pay the customary fees for a new administration.