### In re MEYER.

(District Court, D. Oregon. October 3, 1910.)

1. BANKRUPTCY (§ 372*)—REOPENING ESTATES.

A petition to reopen a bankrupt's estate, under Bankr. Act July 1, 1898, c. 541, § 2a (8), 30 Stat. 546 (U. S. Comp. St. 1901, p. 3421), on the ground that it was closed before fully administered, can only be filed by one who has an interest and will be benefited thereby.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 372.*]

2. BANKRUPTCY (§ 328*)—PROOF OF CLAIMS—LIMITATION.

The court has no power, under Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), to permit the proof of claims after the expiration of a year from the adjudication, even though the creditor was misled, and no proof made, because of the fraudulent concealment of assets by the bankrupt, who scheduled no assets.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 328.*]

In the matter of M. Meyer, bankrupt. On motion by Clara Kaufman to reopen estate. Motion denied.

Lester W. Humphries and Downs & Behrman, for petitioner.
Beck & Hoecker, for bankrupt.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BEAN, District Judge.   On September 24, 1907, M. Meyer was on his own petition duly adjudged a bankrupt.   In the schedule accompanying his petition the bankrupt stated that he had no assets and was indebted to sundry persons, including the petitioner, which debts were duly scheduled.   None of the creditors appeared at the creditors' meeting called by the referee, although notified thereof, nor did they at any time file proof of their debts.   The estate was closed by the referee without the appointment of a trustee, and the bankrupt discharged, in April, 1908, by order of this court.   In August, 1910, Clara Kaufman, who holds a judgment against the bankrupt recovered more than four months prior to the adjudication, and who was one of the creditors mentioned in the schedule of the bankrupt, but who has not made proof of her debt, filed a petition for an order reopening the estate, on the ground that it had not been fully administered, because the bankrupt falsely and fraudulently concealed from his schedule of property certain real estate owned by him and upon which her judgment is a lien.   The bankrupt demurs to this petition, on the ground that the petitioner, not having proved her claim within the time required by the bankrupt law, has no standing to ask a reopening of the case.

By subdivision 8 of section 2 of the bankrupt law (Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3421]) the District Court is given jurisdiction to reopen estates in bankruptcy whenever "it appears that they were closed before being fully administered"; but the application or petition to do so must be made by some party interested in the estate and who would be benefited by such reopening.   In re Chandler, 138 Fed. 637, 71 C. C. A. 87.   The petitioner does not occupy such an attitude.   No creditor is entitled to participate in the distribution of a bankrupt estate, unless his claim or debt has been proved in the manner and within the time required by law.   Loveland on Bankruptcy, § 130.   The petitioner has not proved her claim, nor do I think she may now do so.   Section 57n of the bankrupt act, so far as applicable here provides "that no claim shall be proved against a bankrupt estate subsequent to one year after adjudication."   This provision has been repeatedly construed by the courts, and they are practically agreed that it is more than a limitation, but is prohibitory, and that the courts have no power or discretion to extend the time therein specified, or permit the proof of claims after the expiration of the year, even if the claimant has been misled by the fraudulent concealment of assets of the bankrupt.   Loveland on Bankruptcy, § 132;   In re Paine, 127 Fed. 246;   In re Ingalls Bros., 137 Fed. 517, 70 C. C. A. 101;   In re Shaffer, 104 Fed. 982;   In re Muskoka Lumbr. Co., 127 Fed. 886;   In re Peck, 168 Fed. 48, 93 C. C. A. 470.

The only case to which my attention has been called out of line with this construction is the decision of Judge Lowell in Re Towne, 122 Fed. 313, in which he held that a bankrupt is estopped from making an objection to the proof of a claim after the time specified in the law, when he intentionally and in bad faith failed to schedule his properties and thus misled his creditors.   This case has not been followed by subsequent decisions, and, as suggested by Mr. Remington in his

work on Bankruptcy, "seems to overlook the fact that section 57n operates as an absolute termination of the court's power to act, and is not dependent on objection being filed by any one. The court itself should refuse to act in such cases, without waiting for any one to file objections." As stated by Evans, J., in Re Paine, supra:

"It may well be that Congress could with wisdom have put into the clause an exception covering cases where there had been a fraudulent concealment of assets; but that was a matter exclusively for Congress to determine, and not for the courts to remedy. This court at least assumes no power to interpolate an exception, and thus put into the statute what Congress declined to embrace therein. The language of the clause is plain and unequivocal. There is no ambiguity about it, and it admits of no construction. The decisions are equally clear to the effect that no proof of debt can be made after the expiration of one year after the adjudication, except in those instances where the period is extended by the act to not exceeding one year and six months."

As the petitioner has not proved her claim, and never can do so, the reopening of the case, as far as she is concerned, would therefore be an idle and vain thing, because all the trustee could do, if the case is reopened and one appointed, would be to receive the real property alleged to have been omitted from the schedule, subject to the petitioner's lien, and turn it back to the bankrupt in the same condition. There could be no sale or disposition of the property by the trustee, and no distribution to be made, as no debts have been or can be proved.

The demurrer is sustained, and petition dismissed.