### In re KNOSCO.

#### (District Court, N. D. Ohio, W. D. April 2, 1913.)

#### No. 1,405.

BANKRUPTCY (§ 328*)—ESTATE—APPLICATION TO REOPEN—CLAIMS LIQUIDATED BY LITIGATION—TIME.

Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 561 (U. S. Comp. St. 1901, p. 3444), providing that no claims, except such as are liquidated by litigation, shall be proved subsequent to one year after the adjudication, is not only a limitation of the time within which claims may be proved, but a prohibition against the allowance of claims subsequent to the expiration of one year, and hence a creditor, having failed to file proof of his claim while bankruptcy proceedings were in progress, was not entitled, after the year had expired, to have the proceedings opened that his claim might be proved; the creditor's default not having been induced by any act of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 518; Dec. Dig. § 328.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Frank Knosco. Application of William L. Campbell, an unsecured creditor, to reopen the estate. Denied.

John H. O'Leary, of Toledo, Ohio, for petitioner.
Stephen Brophy, of Toledo, Ohio, for bankrupt.

KILLITS, District Judge. We are asked to decide that William L. Campbell, one of the unsecured creditors of Frank Knosco, whose

petition in bankruptcy was filed May 15, 1908, and who was discharged the following fall as a bankrupt, may be heard on his application to reopen the estate of Knosco, although said Campbell failed to file proof of his claim while the bankruptcy proceedings were in progress.

If the circumstances set forth in Campbell's application to reopen the estate are true, and for the purpose of the matter before us they must be considered to be true, then if, as claimed in behalf of Knosco, no authority exists whereby on Campbell's initiative the estate may be reopened, there is a clear and serious defect in the Bankruptcy Act.

Section 57n of that act provides that no claims, except such as are liquidated by litigation, shall "be proved * * * subsequent to one year after the adjudication." A long line of decisions by the federal courts, district and of appeals, holds that this section is not only a limitation of the time within which claims may be proven, but that it is a prohibition upon the court to allow claims subsequent to the expiration of one year; and such is the judgment of the commentators on the Bankruptcy Act. The latest decision dealing extensively with the subject is that of In re Meyer (D. C.) 181 Fed. 904. See, also, Loveland on Bankruptcy (4th Ed.) § 331; Remington on Bankruptcy, § 723; Collier on Bankruptcy (9th Ed.) p. 747. Indeed, this seems to be the necessary conclusion, giving to the language of the statute its ordinary meaning. None of these authorities, however, nor the cases upon which they are based, refer to the case of Bailey, Assignee, v. Glover et al., 21 Wall. 342, 22 L. Ed. 636, a case under the old Bankruptcy Act, in which it is contended the Supreme Court takes a position inconsistent with the construction so unanimously placed upon section 57n. We have read this decision two or three times, with sympathy for the proposition that the court, if possible, should so construe section 57n that the fruits of a fraudulent concealment of assets should not be realized upon; but we are unable to find in this case an answer to the great current of authority, which declares that the section under consideration should be construed as it reads. The section of the act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517) under consideration in Bailey v. Glover was simply a statute of limitation touching the maintainability of an action at law or in equity, in which any person claimed an interest adverse to the interest of the bankrupt estate in the property involved. The court holds this statute to be substantially section 5057 of the Revised Statutes, modified to suit the aim of the bankruptcy law to secure a speedy disposition of the bankrupt's assets, and applies to the statute the principle which is common to most statutes of limitation that in case of fraud they begin to run only when the cause of action is known. A little thought, it seems to us, will show the distinction between the statute of limitation and the language of section 57n and the things with which it deals. The right to make a claim and the fact that a claim was held were matters of knowledge to Campbell when the Knosco proceedings were on. No act of the bankrupt affected in any way his right to prove his claim. There is, in our judgment, a distinct difference between one failing to assert a known claim because he was

deceived by the fraud of his debtor and one left ignorant of the fact that he had a claim because of the fraud of his debtor, which latter situation is that with which the act of 1867 dealt, which is construed in Bailey v. Glover.

However desirable it may appear to be that the construction asked for should be made, and that Campbell be permitted to press his application, we are clearly of the opinion that to do so would be such clear violence of the language of section 57n as to become judicial legislation on the part of the court, purely and simply. If legislation is necessary here, and it seems to be, it is the duty of Congress to supply it, and not the function of the court.

It follows that the motion to vacate the order of reference heretofore granted in this case should be granted, and the application of Campbell dismissed at his costs.