## In re BREAKWATER CO.

(District Court, E. D. Pennsylvania. May 4, 1916.)

No. 5029.

1. BANKRUPTCY ⊂⊃314(5)—PROCEEDINGS—CLAIMS.

Assignees of claims against the estate of a bankrupt have the right to prove them against the estate, subject to the same limitations as to time as other creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 484; Dec. Dig. ⊂⊃314(5).]

2. BANKRUPTCY ⊂⊃337—PROOF OF CLAIMS—RIGHTS OF ASSIGNEES.

While General Order No. 21, § 3 (89 Fed. ix, 32 C. C. A. xxii), provides that upon the filing of satisfactory proof of the assignment of a claim proved the referee shall immediately give notice by mail to original claimant, an assignee of a proved claimant need not again prove the claim, though the original claimant and assignor attacks the assignment, for the controversy is only between those two, and a second proof of claim is unnecessary.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ⊂⊃337.]

3. BANKRUPTCY ⊂⊃337—CLAIMS—ASSIGNMENT—EFFECT.

While Bankr. Act July 1, 1898, c. 541, § 57n, 30 Stat. 560 (Comp. St. 1913, § 9641), declares that claims shall not be proved against a bankrupt estate, after one year from an adjudication, etc., such section does not prevent the assignee of a proven claim from asserting his rights against the assignor after the expiration of that time.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ⊂⊃337.]

In Bankruptcy. In the matter of the bankruptcy of the Breakwater Company. Sur certificate of referee of order striking off proof of claim of Tony D'Allessandro. Order affirmed, and cause remanded to referee.

See, also, 220 Fed. 226.

Leo Belmont, of Philadelphia, Pa., for petitioner.

Conlen, Brinton & Acker, of Philadelphia, Pa., opposed.

DICKINSON, District Judge. The order of the referee in this case was properly made. The petitioner for this review mistook his rights and has mischosen the means of asserting whatever rights he has.

[1] A claim known as that of the Delaware Commissary Company, or the Joseph De Luca claim, against the bankrupt estate, was duly made and allowed. The allowance was in part of a preferred claim. The petitioner was in fact a creditor, not of the bankrupt, but of the claimant. The only right he can possibly assert is that of an owner of part of the proven claim. Assignees of claims have the right, under the provisions of the bankruptcy law, to prove them against the estate just as other claims may be proven. The same limitation of time in

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which to make the proofs applies. This claimant delayed availing himself of the right thus given until the statute closed upon it. The right, in consequence, no longer exists. This is what the referee ruled and in this there was no error.

[2] It is manifest that there was no need for such proof of claim, even if it had not been barred by the statute. The claim as against the estate had already been proven and allowed. There would have been neither need nor propriety in proving the claim over again. The petitioner, if he belongs anywhere, is clearly not in the proofs of claims class, but in the order class. The controversy, if there be any, is just as clearly not between the petitioner and the estate, but between the petitioner and the claimant. Neither the estate nor the other creditors are concerned in the dispute. General Order No. 21, section 3 (89 Fed. ix, 32 C. C. A. xxii), has application to assignees of proven claims. Section 57n applies only to claims against the estate. The petitioner, if he can succeed in proving that he holds an assignment of the De Luca claim, may be subrogated as such assignee to the rights of the original claimant. So far as the record discloses, this he has not asked to have done. We do not feel at liberty at this time to pass upon the right of the petitioner to subrogation. If he deems himself entitled to such right, it cannot in any orderly or satisfactory way be determined until he claims it. It may then be passed upon by the referee.

[3] In view of the discussion by counsel of the question of the application of the limitation in section 57n, we feel justified in expressing the opinion that it has no application. As already observed, the clause is so confined to claims "against the bankrupt estate." In all the cases to which we have been referred, the claims held to be barred out were of this kind. In re Sanderson (D. C.) 160 Fed. 278; In re Rhodes (D. C.) 105 Fed. 231; In re Moebius (D. C.) 116 Fed. 47; In re Meyer (D. C.) 181 Fed. 904; In re Knsco (D. C.) 208 Fed. 201. Beyond this we see no present occasion to go.

The cause is remanded to the referee for its further proceeding.