## WILLIAMS et al. v. RICE.

Circuit Court of Appeals, Fifth Circuit. February 20, 1929.

No. 5342.

Gerald FitzGerald, of Clarksdale, Miss. (Maynard, FitzGerald & Venable, of Clarksdale, Miss., on the brief), for appellants.

Greek P. Rice, Jr., of Clarksdale, Miss. (Roberson & Cook, of Clarksdale, Miss., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellants were adjudged bankrupts in November, 1924. The schedules disclosed no assets, no claims were filed, and no trustee was appointed. In due course the bankrupts were discharged and the estate closed. In February, 1928, more than three years after the adjudication, the bankrupts filed a petition alleging that an asset of approximately $1,500, a balance due on a judgment, about which they did not know at the time they filed their schedules, had been discovered, and they asked that the estate be reopened and a trustee be appointed for the purpose of collecting the asset. On this petition an order was entered reopening the estate, a trustee, appellee herein, was appointed, attorneys were employed by him, the balance on the judgment was recovered, and, after paying attorney's fees, there is a net amount of about $900 as an asset of the estate. After the recovery of the above-mentioned asset, appellants filed a petition asking that it be turned over to them, as no creditor had filed a claim. From a judgment denying the prayer of this petition, this appeal is prosecuted.

Appellants rely on the provisions of section 57n of the Bankruptcy Act of 1898 (30 Stat. 561), which limits the time for proving claims generally to one year after adjudication. They cite numerous decisions holding that the court has no power to extend the time for proving claims beyond the statute and contend that, since no creditors can prove their debts, they are entitled to the balance left in the estate. We think this is beside the issues presented.

By section 2 of the Bankruptcy Act (11 USCA § 11) the District Courts of the United States are vested with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings, and by clause 8 of said section 2 they are expressly given power to reopen estates whenever it appears they were closed before being fully administered. There is no limitation to the time in which estates may be reopened.

We think the situation here presented calls for the exercise of the court's equity powers, in order that the fund may be distributed to those entitled to it. There would be very little use in permitting the court to reopen an estate, if it could not then be administered so as to do justice. It is apparent that the creditors were not negligent in failing to file claims under the conditions obtaining at the time of adjudication. As the bankrupts did not surrender any assets, it would have been vain for the creditors to file claims or attempt to elect a trustee. Section 57n, limiting the time for proving claims, is intended primarily to require creditors to prove their claims promptly, in order that the estate may be closed without undue delay. If a creditor is negligent, he may not file his claim after the limitation of the statute has run, but a new situation arises whenever the bankrupt, although unwittingly, has deceived the creditors, and he is the only one asserting an adverse interest in the assets.

It would be useless to reopen the estate in this case, if the creditors could not be permitted to prove their claims and a distribution be made accordingly. The fund eventually recovered was an asset of the estate at the time of the adjudication, although unknown, and vested in the bankrupts in trust for the creditors until such time as a trustee was appointed. Johnson v. Collier, 222 U. S. 538, 32 S. Ct. 104, 56 L. Ed. 306. The bankrupts have no personal interest in the assets, except as to a balance that may remain after the creditors are paid in full. They have no standing to oppose the reopening of the estate or the proving of valid claims.

It follows that it was proper for the District Court to reopen this estate, in the circumstances here disclosed, in the exercise of its equitable jurisdiction, and to permit the creditors to prove their claims within a reasonable time thereafter. In re Pierson (D. C.) 174 F. 160.

Affirmed.