ISIDORE MORGANSTERN, Plaintiff, v. ABE TULCHIN and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Eighth District, May 1, 1931.

*Ella Frankel*, for the plaintiff.

*Samuel List*, for the defendant Abe Tulchin.

PRINCE, J. This is an action to recover the sum of $975 on notes executed by the defendant Abe Tulchin in December, 1925.

This action was begun on the 1st of July, 1930, and an answer interposed about the 3d of July, 1930.

The defendant raises but one issue, namely, a discharge in bankruptcy granted to this defendant in the United States District Court for the Southern District of New York on the 13th of August, 1930. In answer to that claim, the plaintiff offered in evidence the original schedules in bankruptcy, where it is shown that this plaintiff was not duly listed as a creditor. The defendant contends that in spite of his failure to list the plaintiff as a creditor, the plaintiff had actual notice of the bankruptcy proceedings on or about July 3, 1930, because the answer served in the present action set forth the filing of the petition in bankruptcy. The defendant by way of defense further contends that it was incumbent on the plaintiff, immediately on receiving actual notice of the pendency of the bankruptcy petition, to make application to the United States District Court for leave to file his claim in the bankruptcy proceedings.

I find as a fact that the listing of a name in the bankruptcy proceedings purporting to be that of the plaintiff was improper, indefinite and insufficient, and that no knowledge of the bankruptcy proceedings was actually conveyed to the plaintiff until on or about July 3, 1930, on which date the answer of the defendant was duly served on the attorney for this plaintiff.

The Bankruptcy Act of July 1, 1898, section 57, paragraph n (30 U. S. Stat. at Large, 560, as amd. by 44 id. 252; U. S. Code, tit. 11, § 93, par. n), provides that claims shall not be proved subsequent to six months after adjudication. This section has been construed to be prohibitory, leaving the court no discretion to extend the time. (See *Matter of Muskoka Lumber Co.*, 127 Fed. 886; *Matter of Blond*, 188 id. 452; *Matter of Bickmore Shoe Co.*, 263 id. 926.)

Since it is apparent that the courts have held this section to be in the nature of a statute of limitations, with no discretion left in the court to grant a creditor additional time within which his claim might be filed after the expiration of the six months' period, the plaintiff was without right to file his claim against the bankrupt when he was first notified of the bankruptcy proceedings more than six months after the defendant's adjudication in bankruptcy.

There must be a judgment for the plaintiff for $975, with interest from December, 1925.