55 F.2d 917 (1932)
In re SILK.
CLOUTMAN
v.
WEILL et al.
No. 206.
Circuit Court of Appeals, Second Circuit.
February 8, 1932.
*918 Paul E. Lockwood, of New York City (Boyd MacLean, of New York City, on the brief), for appellant.
Cohen, Gutman & Richter, of New York City (Abraham L. Gutman and Wm. Victor Goldberg, both of New York City, of counsel), for appellees.
Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.
SWAN, Circuit Judge.
Upon his voluntary petition William Silk was adjudicated a bankrupt on July 10, 1929. His schedules showed no assets. Debts of some $12,000 were listed, including that to the appellees, who were listed as secured creditors to the extent of $6,400. Within the six months' period granted by section 57n of the Bankruptcy Act (11 USCA § 93 (n), claims totaling nearly $2,000 were proved and allowed, but the appellees presented no claim within this period. The bankrupt was examined at the first meeting of his creditors, but no trustee was elected because no assets were discovered. Subsequently the bankrupt was granted his discharge and the estate was closed. More than seven months later, on July 12, 1930, an order was entered upon the application of the bankrupt reopening the estate, pursuant to the power granted by section 2 (8), 11 USCA § 11 (8), without disturbing the bankrupt's discharge, in order to administer a newly discovered asset having a value of at least $5,000. The asset was a leasehold owned by the bankrupt at the date of his voluntary petition, but not then supposed to have had value as an asset. Pursuant to this order the proceedings were referred to a referee, and subsequently at a meeting of creditors, duly notified, appellant was elected the trustee in bankruptcy. Shortly thereafter, on September 15, 1930, the appellees filed their claim as unsecured creditors in the amount of $5,064.63, offering to return all security held by them. The referee rejected the claim as filed too late. Upon petition for review, the District Court entered the order appealed from. This order modified that of the referee, permitted the claim to be filed "nunc pro tune, as if the same had been filed within six months of adjudication of bankruptcy," but provided that, if the claim shall be allowed by the referee, the appellees shall be entitled to share only in any surplus which may remain after all lawful expenses and all creditors whose claims were proved within six months of the adjudication shall have been paid in full.
Section 57n of the Bankruptcy Act (11 USCA § 93 (n) provides that "claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication." It is urged in support of the order that despite the unqualified and mandatory language of the statute, an exception should be made in a case where a surplus will remain after payment of administration expenses and the claims of all creditors who have proved within the allotted time; that, as between the bankrupt and creditors who were dilatory in proving their claims only because of the apparent futility of doing so when no assets were scheduled, the equities are with the dilatory creditors; and it is fair for a court of bankruptcy, in the exercise of its equity powers, to treat the surplus as a trust fund to be distributed among such creditors rather than to be returned to the bankrupt. Such a view finds support in several cases. In re Lenox, 2 F.(2d) 92 (D. C. W. D. Pa.), is directly in point. In re Pierson, 174 F. 160 (D. C. S. D. N. Y.), and Williams v. Rice, 30 F. (2d) 814 (C. C. A. 5), differ only in that there no creditor had proved his claim within the statutory period, a difference scarcely sufficient, it would seem, to justify an opposite result, though it was mentioned as a possible basis for distinction in Re Pierson, supra.
While not unmindful of the equitable considerations relied upon in these decisions, we think the argument cannot prevail. Under the statute the court of bankruptcy administers the assets of the bankrupt, not for the benefit of all his creditors, but only for those whose claims are proved and allowed as specified in the act. It contemplates prompt distribution to creditors who are diligent, the discharge of the bankrupt from his provable debts if he has honestly complied with the statute, and, in our opinion, the return to him of any surplus remaining after satisfaction of regularly allowed claims. See In re Peck, 168 F. 48 (C. C. A. 2); In re John Osborn's *919 Sons & Co., 177 F. 184, 185, 29 L. R. A. (N. S.) 887 (C. C. A. 2); Johnson v. Norris, 190 F. 459, L. R. A. 1915B, 884 (C. C. A. 5). Cf. In re Lane, 125 F. 772 (D. C. Mass.). In re Hoyt, Fed. Cas. No. 6806, contains an admirable discussion of the problem. For present purposes we may lay aside any question of fraud on the part of the bankrupt as an inducing cause of the creditors' delay in proving their claims. See Chapman v. Whitsett, 236 F. 873 (C. C. A. 8); In re Paine, 127 F. 246 (D. C. W. D. Ky.); In re Meyer, 181 F. 904 (D. C. Or.); In re Knosco, 208 F. 201 (D. C. N. D. Ohio). But cf. In re Towne, 122 F. 313 (D. C. Mass.). In the case at bar the bankrupt admittedly acted in good faith. Under such circumstances the statute affords no basis for favoring a creditor merely because he was not negligent. Section 57n (11 USCA § 93 (n) contains no such exception. See In re Sanderson, 160 F. 278 (D. C. Vt.). The inference that a surplus remaining after payment of regularly allowed claims should be returned to the bankrupt may be drawn not only from the limitation of the time for proving claims, which would seem definitely to bar these creditors from participation, but also from section 66 (b), 11 USCA § 106 (b), relating to the disposition of dividends remaining unclaimed for one year. Under that section the bankrupt is entitled to any surplus resulting from delay of creditors in claiming dividends. We think it clear that the bankrupt's claim to such a surplus would be superior to that of creditors whose claims were not proved within the time allotted by section 57n. It would seem, therefore, that a surplus arising from any cause, excepting, perhaps, the bankrupt's fraud, as to which no opinion need be expressed, should be similarly disposed of.
Our own case of In re Peck, 168 F. 48, is, we think, decisive of the controversy in this circuit, unless it is to be overruled. There an asset scheduled as worthless ultimately realized more than enough to pay expenses of administration and all allowed claims. These had been paid and a balance of $1,800 remained in the hands of the trustee in bankruptcy. A creditor who had failed to prove within the statutory period thereafter sought to do so in order to obtain this balance. The foregoing facts appear clearly from the opinion of the District Judge reported in 161 F. 762. The creditor's claim was rejected, and this was affirmed on appeal. It is urged by the appellees that the dilatory creditor in the Peck Case was seeking to come in on a parity with creditors whose claims had been allowed in time, but this contention must have been based upon a failure to note that the allowed claims had already been paid. The situation there presented seems identical with that now at bar unless we are to differentiate between the scheduling of an asset as worthless and the scheduling of no assets at all. We see no sound basis for such a distinction. In the exercise of his right to examine a bankrupt who is acting in good faith, a creditor has an opportunity to discover the existence of an asset not scheduled as well as to ascertain the value of an asset listed as worthless. In either case he may conclude that it would be futile to file proof of his claim, but such excuse should avail no more in the one case than in the other. Moreover, since the creditors here were secured, it cannot safely be assumed that they failed to file proof of claim within the required period merely because the bankrupt had scheduled no assets. They may have been satisfied with their security at that time, or fearful lest, if they were to come forward, they might be compelled to surrender it. Cf. In re Thompson, 227 F. 981 (C. C. A. 3). In any case under the scheme of the statute as we understand it, the dilatory creditor takes his chance of losing the right to share in the bankrupt estate should assets of value subsequently be found. See Remington, Bankruptcy (3d Ed.) §§ 874, 875, and cases there cited.
The order of the District Court must be reversed, and the order of the referee reinstated and confirmed.