In re QUINE.

No. 840.

District Court, E. D. Louisiana, Baton Rouge Division.

Jan. 27, 1941.

Johnson & Kantrow, of Baton Rouge, La., for petitioner Jess Johnson.

Laycock & Moyse, of Baton Rouge, La., for bankrupt Morgan F. Quine.

CAILLOUET, District Judge.

The petition herein seeks no other relief than a desired Court order to have re-opened the bankruptcy proceedings which were definitely closed on September 20th, 1934, so as to have alleged unscheduled real estate assets of the then bankrupt now administered upon; the petitioner represents himself to have been (at the time of the filing of the bankrupt's schedules in bankruptcy in 1934), and to now be, an unsecured creditor of the then bankrupt.

The petitioner is without interest to so pray for the re-opening of said proceedings; a petition to reopen a bankrupt's estate on the ground that it was closed before it was fully administered can only be filed by one who has an interest and will be benefited thereby. In re Meyer, D.C.D. Oregon 1910, 181 F. 904.

The present petitioner is barred by Section 57, sub. n of the Bankruptcy Act, as amended, 11 U.S.C.A. 93, sub. n, from now filing and presenting his alleged claim, granting that his petition otherwise makes out a case, in the discretion of the Court, for the re-opening of the bankruptcy proceedings.

The statute specifying the time for filing claims in bankruptcy is prohibitive, and gives the Court no discretionary power to extend the time. Bowman et al. v. MacPherson et al. 10 Cir., 1937, 93 F.2d 318; In re Silk, 2 Cir., 1932, 55 F.2d 917; In re Giera, D.C.S.D.New York 1935, 12 F.Supp. 340; In re Meyer, supra.

Even though a creditor had no notice or knowledge of the proceedings during the time allowed by law for the proving of claims, and the estate is still undistributed, he may not prove his debt after the lapse of such period. In re Muskoka Lumber Company, D.C.W.D.New York 1904, 127 F. 886.

The petition in the present case does not negative the existence of such knowledge; in fact, petitioner's pleadings suggest that he was fully advised as to the filing and closing of the bankruptcy proceedings in 1934, when the same occurred.

Ordinarily, a claim in bankruptcy must be filed within 6 months after the first date set for the first meeting of creditors. 11 U.S.C.A. § 93, sub. n. Six additional months are granted to creditors who are infants or insane persons without guardians, without notice of the bankruptcy proceedings.

The first and only date set for the first meeting of the creditors in this present case was March 6, 1934, and on that date said first and only meeting was convened and held.

Where a creditor fails to prove his claim during the period of time set, he has no standing to apply for the re-opening of the bankrutpcy proceedings on the ground that there was fraudulent concealment of assets by the bankrupt. Chapman v. Whitsett et al., 8 Cir., 1916, 236 F. 873; In re Knosco, D.C.N.D.Ohio W.D.1913, 208 F. 201; In re Meyer, D.C.D.Oregon 1910, 181 F. 904; In re Paine, D.C.W.D.Kentucky 1904, 127 F. 246.

Here the petitioner does not even charge that the omission of the real estate in question was due to fraudulent intent and that he was misled thereby.

The sought-for order of re-opening is, therefore, denied.