In re HARMACK PRODUCE CO., Inc.

No. 77465.

District Court, S. D. New York.

April 8, 1942.

Levin & Weintraub, of New York City, for trustee.

William C. Chanler, of New York City (B. H. Sherris, of New York City, of counsel), for City of New York.

RIFKIND, District Judge.

The bankruptcy referee has denied the application of the City of New York, made after the expiration of the statutory time limit, for leave to file its proof of claim and to have it "deemed due and timely filed". The City of New York seeks a review of the referee's order.

The facts are not in dispute. The time to file claims as of right expired on May 26, 1941. No claim had prior thereto been filed by the petitioner. Its first attempt to file a proof of claim occurred on January 6, 1942. The referee refused to accept it. Thereafter, the petitioner made an application for leave to file, the denial of which is the subject of this review. The estate has not been distributed.

Section 57, subdivision n, of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. n, reads in part as follows: "Except as otherwise provided in this Act [title], all claims provable under this Act [title], including all claims of the United States and of any State or subdivision thereof, shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed: Provided, however, That the court may, upon application before the expiration of such period and for cause shown, grant a reasonable fixed extension of time for the filing of claims by the United States or any State or subdivision thereof: * * * When in any case all claims which have been duly allowed have been paid in full, claims not filed within the time hereinabove prescribed may nevertheless be filed within such time as the court may fix or for cause shown extend and, if duly proved, shall

be allowed against any surplus remaining in such case."

Before the enactment of the Chandler Act the parallel section read thus: "Claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication; * * *" with the exceptions therein stated which are not herein pertinent.

The six month provision was established by amendment, in 1926, of the Bankruptcy Act of 1898, which had in similar language provided for a limitation of one year.

Despite the apparently explicit language of the 1898 and 1926 statutes the courts have from time to time debated whether they had the power to receive and allow tardy claims; and some courts resolved the debate in favor of such power. Williams v. Rice, 5 Cir., 1929, 30 F.2d 814; In re Pierson, D.C.S.D.N.Y. 1909, 174 F. 160. The majority of the decisions held that the statutes were an absolute bar to a tardy claimant. See list of authorities collated in 3 Collier on Bankruptcy, 14th Edition, page 320, note 6.

The Court of Appeals for the Second Circuit took its position with the majority. In re Peck, 2 Cir., 1909, 168 F. 48, In re Silk, 2 Cir., 1932, 55 F.2d 917.

Against this background of judicial construction Congress in 1938 enacted Section 57, subdivision n, as it presently stands. After its enactment but without reference thereto, the Supreme Court decided Pepper v. Litton, 1939, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281. Therein, by way of dictum, in a footnote, (308 U.S. page 305, 60 S.Ct. page 244, 84 L.Ed. 281) the court said:

"And even though the act provides that claims shall not be proved against a bankrupt estate subsequent to six months after the adjudication, the bankruptcy court in the exercise of its equitable jurisdiction has power to permit claims to be proved thereafter in order to prevent a fraud or an injustice".

The language is used, it should be noted, not to express the court's decision on a matter pending before it but to illustrate the generalization that "the bankruptcy courts have exercised these equitable powers in passing on a wide range of problems arising out of the administration of bankrupt estates".

Petitioner advances the argument that in the exercise of its equity powers a court of bankruptcy may extend the time for proving claims, and that for the protection of the public revenue, that power should be exerted in the instant case. Assuming that a bankruptcy court does possess equity powers which may be exercised in appropriate circumstances, I do not think that such power should be exercised when Congress has by express legislation given special recognition to the problem of claims by governmental bodies and has delimited by precise language the extent to which they may be favored. Especially is this true when the legislation exhibits a manifest awareness of the conflicting decisions and a determination to resolve the conflict. Specifically, the present statute makes the time limitation expressly applicable to the claims of the United States, of any State and of any subdivision thereof; (see People of New York v. Irving Trust Co., 1933, 288 U.S. 329, 53 S.Ct. 389, 77 L.Ed. 815); it confers a favorable exception upon governmental claims by permitting the court to grant an application, made within the specified time limit, for a "reasonable fixed extension"; it permits all tardy claimants to prove against a surplus. See In re Silk, 2 Cir., 1932, 55 F.2d 917. To read this statute as if it contained an additional exception, to wit, that at any time the court may permit the filing and allowance of a tardy claim by a municipality, is to convict Congress of a self-contradiction which the careful wording of the law does not warrant. The intention of Congress to make the statute applicable to the facts herein presented is further manifested by the report of the Senate Committee which had the bill under consideration. It is quoted in 3 Collier on Bankruptcy, 14th Edition, 116, footnote 35, as follows:

"In the Senate Report No. 1916 on H.R. 8046, 75th Cong. 3rd Sess. (1938) 5, it was said: 'The House bill includes within the bar time for the proving of claims, all claims of the United States and of any State or subdivision thereof. The committee has both strengthened and extended this proposed amendment by providing, first, that such claims must actually be filed within the bar time, and, second, by permitting additional time for the filing of such claims upon application for cause shown. The committee agrees with the proposal that governmental claims should be subjected to the same requirements as other claims but is of the opinion that the limitation should be tempered by the provision for extension, for the reason

that it is sometimes difficult for the Government to prepare and present its claims within a fixed time. The limitation will speed up the closing of estates, and the extension will provide a reasonable flexibility'."

Cases which relieve a tardy claimant from the requirements of a bar order are on a different footing since they do not involve the contravention of an Act of Congress. In re Morgenstern & Co. 2 Cir., 1932, 57 F.2d 163; United States v. Elliott, 6 Cir., 1932, 57 F.2d 843; People of State of New York v. Hopkins, 2 Cir., 1927, 18 F.2d 731.

Assuming that by virtue of Section 2, sub. a(2) of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(2), the bankruptcy court has power, in the exercise of its equitable jurisdiction, to relieve a claimant of the limitations of Section 57, subdivision n, it is a power which should be exercised only within the traditional sphere of equity, "in order to prevent a fraud or an injustice", Pepper v. Litton, supra. Nothing of fraud has here been suggested; and the only injustice which has been adverted to, is that of preventing the municipality from filing a tardy claim. But that is the precise objective of the statute. If the statute does not govern here, where does it apply? See In re Lachman, D.C.E.D.N.Y., 1941, 45 A.B.R., N.S., 391; Hi-Flier Mfg. Co. v. Haberman, 2 Cir., 1940, 115 F.2d 918; 3 Collier on Bankruptcy, 14th Edition, 115, 316 to 330.

I am of the opinion that the referee's order is free of error and that only when all claims which have been duly allowed have been paid in full will the petitioner have the opportunity to prove its claim by filing the same "within such time as the court may fix or for cause shown extend".

Settle order on notice.