## In re DUNN HARDWARE & FURNITURE CO.

### (District Court, E. D. North Carolina. October 6, 1904.)

1. **BANKRUPTCY—PROOF OF CLAIMS—FORM.**

   A claim against a bankrupt is not entitled to consideration unless proved in accordance with the provisions of the act and the forms prescribed thereunder.

2. **SAME—CLAIM TO PROPERTY—CONDITIONAL SALE.**

   A reservation of title to property in a contract, which amounts, in effect, to one of conditional sale, and which is void under the laws of the state for want of registry, except as between the parties, is ineffective as against the trustee in bankruptcy of the purchaser.

In Bankruptcy. On review of order of referee disallowing the claim of the International Harvester Company of America.

H. L. Cook, for International Harvester Co. of America.
Godwin & Davis, for the trustee.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 519.

PURNELL, District Judge. The following is a statement of facts as certified by the referee: On April 24, 1904, the International Harvester Company of America filed a petition praying an order directing the trustee to surrender certain property therein described, and on the 4th of May, 1904, an amended petition, alleging said property had been sold by the trustee, and praying that he be directed to pay over cash "equal to the net accounting price of said property." On the 11th of May, 1904, the trustee in bankruptcy filed an answer, denying all the material allegations of the petition. The only evidence introduced was a contract, copy of which is attached to the certificate, which contract was not recorded in the register's office. The referee rendered an order denying the prayer of the petitioner, and citing as his authority for his ruling Chesapeake Shoe Co. v. Seldner, 10 Am. Bankr. R. 466, 122 Fed. 593, 58 C. C. A. 261, and In re Carpenter (D. C.) 11 Am. Bankr. R. 147, 125 Fed. 831. The referee was affirmed, and now the cause is here on petition to rehear, and after argument by counsel, it is ordered that the referee be reaffirmed, and the petition herein dismissed.

There are several fatal objections to the petition. In the first place, the act of Congress prescribes how debts shall be proved in bankruptcy (section 57a et seq., Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]), and the Supreme Court has prescribed Forms 31, etc., 89 Fed. xlii, for the proof of claims. The petition in this cause ignores both law and the form, hence should not have been heard at all. The statute must be followed, and the general practice of a petition in the cause cannot be allowed in bankruptcy proceedings.

The material allegations in the petition, which go to the very root of the claim, are specifically denied, and the "only evidence introduced was a contract." How the issues of fact were disposed of, or the referee reached this point in the proceedings, is not explained. The contract, gathering its import from the four corners of the instrument, which is in fine print and lengthy, seems to be a conditional sale, with title reserved, though the bankrupt is denominated an agent therein, and under section 1275 of the Code of North Carolina is required to be registered, otherwise it is void, except between themselves. Words, however ingeniously used, cannot avoid the plain import of a contract.

The referee is reaffirmed in his order denying the petition.