In re QUINN.

(Circuit Court of Appeals, Eighth Circuit.  October 28, 1908.)

No. 90 Original.

BANKRUPTCY (§ 341*)—PROOF OF SECURED CLAIM—SECURED DEBT ALLOWABLE
AND VALIDITY OF SECURITY DETERMINABLE BEFORE CONVERSION INTO
MONEY UNDER SECTION 57H.

The District Court and the referee in bankruptcy, upon the presenta-
tion by a creditor of the customary proof of a secured debt which is
objected to by the trustee on the ground that the security claimed con-
stitutes a voidable preference, may hear and decide the issue and allow
the claim as a secured or an unsecured debt before the alleged security
is converted into money, under the provisions of section 57h (Act July
1, 1898, c. 541, 30 Stat. 560, 561 [U. S. Comp. St. 1901, p. 3443]), and this
is the preferable practice because it enables parties to know the extent
of their interests before the property is sold.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 341.*]

(Syllabus by the Court.)

Petition for Review of the Order of the District Court of the United
States for the Southeastern Division of the Eastern District of Mis-
souri.

Wilson Cramer, for petitioner.

T. D. Hines (Alex. P. Stewart and Moses Whybark, on the brief),
for respondent.

Before SANBORN and HOOK, Circuit Judges, and AMIDON,
District Judge.

SANBORN, Circuit Judge.  This case presents this single question:
May the referee and the District Court, upon the presentation of the
proof of a secured debt in accordance with form No. 32 (32 C. C. A.
xxxi, 89 Fed. xiii), and upon a challenge by the trustee of the trust
deed, which evidences the security as a voidable preference, determine
the validity of the security and allow the claim as a secured debt before
the value of the security is determined by converting it into money
in the manner prescribed by section 57h of the bankruptcy law of
1898 (Act July 1, 1898, c. 541, 30 Stat. 560, 561 [U. S. Comp. St. 1901,
p. 3443])?  The court below, without considering the merits of the
controversy, answered this question in the negative, and set aside an
order of the referee which sustained the creditor's claim to the security
and allowed it as a secured debt, upon the sole ground that the order
was premature and unauthorized.  This ruling is assailed by a peti-
tion to review.

The bankruptcy law provides that the proof of a claim shall con-
sist of a statement of it and of the securities held for it under oath
(57a), that creditors holding securities shall not be entitled to vote
or be counted at creditors' meetings unless the amounts of their
claims exceed the value of their securities (56b), that the value of
their securities shall be determined by converting them into money
and a dividend shall be paid only upon the unpaid balance (57h), that
the first meeting of creditors shall be not less than 10 nor more than

30 days after the adjudication (55a), that the judge or referee shall preside, and before proceeding with the other business may allow or disallow the claims of creditors there presented and may publicly examine the bankrupt at the instance of any creditor (55b), that claims of secured creditors may be allowed to enable them to participate in the creditors' meetings held prior to the determination of the value of their securities for such sums as to the court seem to be owing above the value of their securities (57e), that objections to claims shall be heard and determined as soon as the convenience of the court and the best interests of the estates and the claimants will permit (57f), and that the claims of creditors who have received preferences shall not be allowed unless such creditors surrender them (57g). If the security which the creditor claimed in this case constituted a voidable preference, he had the right to surrender it, to have his claim allowed as unsecured, to receive dividends upon it, to vote, and to be counted as a creditor. Stevens v. Nave McCord Co., 150 Fed. 71, 75, 76, 80 C. C. A. 25. He presented the usual proof of a secured claim. The trustee objected to its allowance because the trust deed which evidenced the security was filed within four months of the date of the filing of the petition in bankruptcy, and was made when the grantor was insolvent, with knowledge of the petitioner that it was intended to give a preference thereby. In this way the issue was squarely raised between the creditor and the trustee whether the petitioner had obtained a valid security or a voidable preference. Counsel argue, and the court so held, that the referee should not have heard and decided this issue because the security had not been converted into money under section 57h, and because there may have been other creditors who claimed or had a lien upon the same security and who did not participate in the hearing. But section 57h does not require securities to be converted into money before the court determines whether they are valid or voidable or before claims for them are allowed, but only before dividends upon such claims are paid. And if other persons who claimed or had liens upon this security were not parties to the proceeding either by representation by the trustee or by virtue of sections 57d, 57f, 57e, and 57k, they will not be bound by the judgment of the referee or of the court, and their claims will be open to subsequent adjudication. The question here is not whether others who neither appeared nor made any claim herein have or claim liens upon the security involved in this controversy, but whether or not the referee heard and decided the issue which the trustee had raised at the right time and place. The question was whether the security claimed was valid or voidable. If it was valid the petitioner was entitled to have it applied to the payment of his claim; if it was void or voidable he had the right to surrender his claim to it and to receive dividends upon his unsecured claim. Why should the property claimed as security be converted into money under section 57h before the pending controversy,. whether it constituted any security or not, had been decided? The bankruptcy law does not require it. On the other hand, it directs that objections to claims shall be determined as speedily as convenient (57f), and that securities shall be converted before dividends only. There is no doubt that the bankruptcy court has ample authority to convert the property

165 F.—10

of the bankrupt of which it has obtained lawful possession into money before determining the liens upon it, but the practice of determining the validity of such liens and of allowing the claims of creditors to them before the sale of the securities wherever that can be done conveniently is not forbidden by the law, and it is the preferable, the more reasonable, and the more beneficial method of procedure where the property is not perishable and expensive to keep, because it enables parties to know the extent of their interests in the property before its sale and to protect those interests more easily and securely.    Byrne v. Jones (C. C. A.) 159 Fed. 321, 327.

The conclusion is that the District Court and referee in bankruptcy, upon the presentation by a creditor of the customary proof of a secured debt which is challenged by the trustee on the ground that the securities claimed constitute a voidable preference, may hear and decide the issue and allow the claim as a secured or an unsecured debt before the alleged security is converted into money pursuant to the provisions of section 57h, and this is the preferable practice because it informs parties of the extent of their interests before the property is sold.

The merits of this case should be considered and determined by the court below upon the return of the record to that court. They are not now here for review, and they will not be considered. The order of the District Court which disapproved and set aside the order of the referee allowing the claim of the petitioner is vacated, and the case is remanded to that court for further proceedings not inconsistent with the views expressed in this opinion.

NOTE.—The following is the opinion of Dyer, District Judge, in the court below:

DYER, District Judge.  This is a proceeding for review of an order made by Alexander Ross, Esq., referee in bankruptcy, allowing the claim of Hugh R. Quinn in the sum of $27,600, and directing that said claim be "allowed as a preferred secured claim entitled to priority."

It appears from the certificate of the referee that the claimant, Quinn, filed proof of this claim before the referee, setting up that the bankrupt was indebted to him in the sum of $27,600 for money loaned, evidenced by a promissory note in said sum, and that said indebtedness was secured by a deed of trust upon certain real property of the bankrupt. In his proof of claim the claimant does not state the value of the security alleged to be held by him, nor does he allege that the value of such security has been determined in any of the modes prescribed in section 57, par. "h," of the bankrupt law (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]). The trustee of the bankrupt estate filed written objections to the allowance of Mr. Quinn's claim, and asked that said claim be disallowed, because the deed of trust given by bankrupt to said claimant constituted an unlawful preference, and also because said deed of trust was given by the bankrupt with intent on its part to hinder, delay, or defraud its creditors. The claimant filed an answer to the objections of the trustee, the general effect of which was to deny the charges made by the trustee. The referee, after hearing the evidence submitted upon the issues raised by the trustee's objections to the claim, found that the deed of trust given by the bankrupt to the claimant was valid, constituted "a first lien on all the property in said trust deed described," and ordered that said claim be "allowed as a preferred secured claim entitled to priority."

The evidence submitted at the hearing before the referee was directed to the question of the validity of the security held by the claimant, and the referee proceeded upon the theory that upon the proof of debt made it was competent

for him to determine the validity of the deed of trust and to allow the claim as a secured claim entitled to priority. The proceedings had before the referee seem to me to involve an entire misconception of the provisions of the bankrupt act relating to the presentation and allowance of the claims of secured creditors. By section 57, pars. "e" and "h," of the act it is provided that:

"Claims of secured creditors and those who have priority may be allowed to enable such creditors to participate in the proceedings at creditors' meetings held prior to the determination of the value of their securities or priorities, but shall be allowed for such sums only as to the courts seem to be owing over and above the value of their securities or priorities.

"The value of securities held by secured creditors shall be determined by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors or by such creditors and the trustee, by agreement, arbitration, compromise, or litigation, as the court may direct, and the amount of such value shall be credited upon such claims, and a dividend shall be paid only on the unpaid balance."

In view of the foregoing provisions of the statute, the referee should have disallowed the claim of Mr. Quinn, as presented, because it appeared from the proof of debt that the creditor claimed to hold security for the indebtedness alleged to be due him, and that the value of such security had not been liquidated, so as to admit of the allowance of the claim for any determinate sum.

From the action heretofore taken by the parties to this controversy, it is evident that further proceedings will be had before the referee in relation to the status of Mr. Quinn's claim, and, consequently, it will not be out of place to indicate the practice appropriate to the situation here presented. Although the referee's certificate contains no explicit statement in reference to the matter, it is a fair inference from the evidence that the trustee is in actual possession of the property here in controversy. The property in controversy being in the possession of the trustee, the referee has jurisdiction in the first instance to determine the validity of the deed of trust as between the claimant and the trustee in bankruptcy. In re Rochford, 10 Am. Bankr. Rep. 608, 124 Fed. 182, 59 C. C. A. 388; In re McMahon, 17 Am. Bankr. Rep. 530, 147 Fed. 684, 77 C. C. A. 668; Chauncey v. Dyke Brothers, 9 Am. Bankr. Rep. 444, 119 Fed. 1, 55 C. C. A. 579.

The validity of the deed of trust may be determined by the referee in any one of several different proceedings which may be had before him. If the value of the property embraced in the deed of trust is clearly less than the amount of the creditor's debt, then the validity of the deed should be determined in limine, so that, if the deed is sustained, the trustee in bankruptcy will be relieved from the burden and expense of administering property in which general creditors have no interest or equity. In cases where the amount of the debt exceeds the [value] of the property claimed to be held as security for the debt, the validity of the creditor's lien may be determined upon a petition by the trustee for an order on the creditor to show cause why the lien should not be declared invalid as against the trustee. In re Rochford, supra. On the other hand, where the validity of the incumbrance is questioned, and where it is believed that there is, or may be, some surplus or equity in the property, even though the incumbrance be held valid, the referee has jurisdiction, upon the application of the trustee, and after proper notice to all persons claiming liens thereon, to order the property sold free and clear of liens, with leave to the persons claiming liens to propound their claims against the proceeds of the sale. This practice has the approval of the Court of Appeals for this circuit, and the proper method of procedure in such cases is set forth in the following cases: In re Granite City Bank, 14 Am. Bankr. Rep. 404, 137 Fed. 818, 70 C. C. A. 316; In re New England Piano Co., 9 Am. Bankr. Rep. 767, 122 Fed. 937, 59 C. C. A. 461; In re McMahon, 17 Am. Bankr. Rep. 530, 147 Fed. 684, 77 C. C. A. 668; Carroll v. Young, 9 Am. Bankr. Rep. 643, 119 Fed. 576, 56 C. C. A. 380.

The evidence in this case tends to show that the Sturdevant Bank, the Merchants' Laclede National Bank, and perhaps other persons, hold deeds of trust covering a part of the property embraced in Mr. Quinn's deed of trust. Although these deeds of trust were not recorded until after Mr. Quinn recorded his deed of trust, the trustee at the hearing sought to elicit evidence tending

to show that Mr. Quinn had actual notice of the execution and existence of one or more of these incumbrances when he received his deed of trust. In view of this situation it is evident that, if any of these deeds of trust are valid as against the trustee in bankruptcy, there may be conflicting claims as to priority between Quinn and other creditors claiming liens upon the bankrupt's property, and hence it would seem peculiarly appropriate in this case for the trustee to sell the property covered by the several deeds of trust, and permit all the alleged lienors to propound their respective claims to the proceeds, so that the validity of all asserted liens may be determined. The result of the referee's order made herein is to give Mr. Quinn a first lien upon the proceeds of the bankrupt's property, when, even if his lien is valid as against the trustee in bankruptcy, it may nevertheless be subordinate to the liens of other creditors of whose incumbrances Mr. Quinn had notice when he loaned the money secured by his deed of trust.

I do not wish anything said herein to be construed as intimating any opinion as to the validity of Mr. Quinn's deed of trust as against the trustee in bankruptcy. The determination of that issue cannot be properly had herein, and must be postponed until that question is presented in an appropriate way. It may not be amiss, however, to remark that the present record does not present all the facts essential to an intelligent determination of the validity of the Quinn deed of trust. The certificate of the referee fails to show whether the bankrupt was solvent or insolvent within the meaning of the bankrupt law when it executed and delivered the deed of trust to Quinn. Furthermore, the referee improperly excluded evidence sought to be elicited by the trustee in relation to the existence of prior incumbrances upon the property of the bankrupt and in relation to Mr. Quinn's knowledge of such incumbrances.

For the reasons above stated, the order of the referee must be disapproved and set aside, and an order entered disallowing Mr. Quinn's claim in the form in which it is presented, and granting the parties leave to take such further proceedings herein as they are advised is proper in the premises.