## DOWNING & CO. v. UNITED STATES.

### (Circuit Court, S. D. New York. May 13, 1909.)

### No. 5,382.

1. CUSTOMS DUTIES (§ 36*)—CLASSIFICATION—"LITHOGRAPHIC PRINTS"—FOLD-ED POST CARDS—"BOOKLETS."

   Under Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 400, 30 Stat. 188 (U. S. Comp. St. 1901, p. 1672), relating respectively to "lithographic prints" and to "booklets," articles consisting of several post cards folded together and ready to be detached, with a paper cover pasted thereon, are covered by the former rather than the latter term.

   [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 36.*]

2. CUSTOMS DUTIES (§ 36*)—FOLDED POST CARDS—"CUTTING SIZE."

   The "cutting size" of post cards, imported in a folded, undetached condition, should be ascertained, under Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 400, 30 Stat. 188 (U. S. Comp. St. 1901, p. 1672), by measuring each card by itself, rather than taking the whole series as the unit of measurement.

   [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 36.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Brown & Gerry (Everit Brown, of counsel), for importers.

Addison S. Pratt, Asst. U. S. Atty.

PLATT, District Judge. This case requires construction of Tariff Act July 24, 1897, c. 11, § 1, Schedule M, par. 400, 30 Stat. 188 (U. S. Comp. St. 1901, p. 1672), which provides for:

"Lithographic prints * * * exceeding eight one-thousandths of one inch and not exceeding twenty one-thousandths of one inch in thickness, and not exceeding thirty-five squares inches cutting size in dimensions, five cents per pound. * * * All booklets * * * printed in whole or in part by lithographic process, * * * eight cents per pound."

The point to be decided is whether the importation in question consists of "booklets," as held by the collector of customs and by the Board of Appraisers, or of "lithographic prints," as claimed by the importers. Either of these provisions is more specific than that for "printed matter" in paragraph 403, 30 Stat. 189 (U. S. Comp. St. 1901, p. 1673), as alternatively claimed by the importers. There is no testimony in the record; the case having been submitted on the official sample of the merchandise. This sample consists of six post cards lithographically printed and attached together, so arranged that they may be drawn out in a long strip. Each unit has on its reverse side the printing usual to post cards, and may readily be detached and used as a post card. The article is completed by the addition of a cover, consisting of a piece of paper folded once and attached by some adhesive. The description on this cover indicates that the contents are post cards to be detached for separate use.

I am of the opinion that the importers' contention is correct, and that the goods are lithographic prints, and not booklets. The paper cover is purely incidental, being for the purpose of protection and convenience. I think that the articles have been brought over in this form for convenience in handling, and that their dutiable status is precisely that of 6 detached post cards in an envelope. This view is not in conflict with my former ruling on lithographic wall pockets. Knauth v. United States (C. C.) 155 Fed. 144, T. D. 28,184. In that case lithographic prints had been used in making up a complete article called a wall pocket. The prints were a feature of an article which had gone beyond the condition of lithographic prints. In the present case that condition has not been passed. They are still lithographic prints.

In determining the "cutting size" of the prints to meet the conditions of paragraph 400, the size of each card, rather than of the whole series, should be taken, just the same as if they were imported separately. Practically it is an importation of but six separate cards. See G. A. 3,766 (T. D. 17,832).

Decision reversed.