### In re CLOVER CREAMERY ASS'N.

### EVANS v. CLARIDGE.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1910.)

#### No. 1,619.

BANKRUPTCY (§ 328*)—CLAIMS—LIQUIDATION BY LITIGATION—PROOF—TIME.

A motion for rehearing in the Supreme Court of the state, in proceedings in which a claim was liquidated, was denied December 15, 1908, and after remittiturs were filed on January 28, 1909, a stipulation to offset costs was filed, leaving a judgment for costs in favor of claimant amounting to $119.70. Afterwards, on March 29, 1909, the judgments were offset, and claimant was found to be owing the bankrupt's trustee $956.01, which he paid, and on April 16, 1909, filed a claim with the referee amounting to $3,454.61. Held, that the claim was not filed within 60 days after rendition of the judgment liquidating the same, as required by Bankr. Act, § 57n (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3444]), and was therefore barred.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 328.*]

Appeal from the District Court of the United States for the Western District of Wisconsin.

In the matter of the bankruptcy proceedings against the Clover Creamery Association. From an order allowing J. W. Claridge to prove a claim against the bankrupt's estate, Evan A. Evans, trustee, appeals. Reversed, with directions to dismiss.

Appellant herein appeals from the order of said District Court allowing appellee, as it is alleged, to prove up his claim against the said bankrupt's estate after the expiration of the period of 60 days succeeding the rendition of the judgment had in proceedings to liquidate the same in the state court, and contrary to section 57n of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3444]), which reads as follows, viz.:

"Sec. 57n. Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment."

The association was adjudged a bankrupt on February 18, 1907. Appellee filed his claim before the referee on April 16, 1909. At the time of the adjudication appellee held an indebtedness of $2,500 against the Association, secured by a mortgage upon its real estate. On April 5, 1907, the said real estate was sold by order of the referee in bankruptcy, free and clear of the mortgage, and

the lien was transferred to the proceeds in the hands of the trustee. There-after appellee brought suit in a Wisconsin court to foreclose said mortgage, and about the same time the trustee brought suit in the same court to recover certain alleged preferences amounting to $2,716.17, alleged to have been paid to appellee within four months prior to the adjudication. On March 26. 1908, a judgment was rendered in said latter cause against appellee for $2,573.79, and at about the same date the court rendered judgment against appellee in the foreclosure proceeding in favor of the trustee for $1,725, the proceeds of the sale of the mortgaged property. On appeal taken in both cases, the judgment for the alleged preference was affirmed, and the foreclosure suit was reversed, and judgment was entered therein for $1,725, in favor of appellee. Both decisions were handed down on October 20, 1908. A motion being made for a rehearing in the preference suit in the Supreme Court, the same was on December 15, 1908, denied. Remittiturs were filed in the trial court in both causes on January 28, 1909. On January 26, 1909, and pursuant to stipulation in the Supreme Court, the two judgments for costs were offset, leaving a judgment for costs in favor of appellee in the foreclosure action of $119.70. Afterwards, by agreement made March 29, 1909, the parties offset their respective judgments, whereby appellee was found to be owing the trustee $956.01, which sum he paid on April 16, 1909. On the same day appellee filed his said claim with the referee as aforesaid, for $3,454.61, which was on June 26, 1909, allowed for that sum by the referee. On hearing before the District Court, the claim was reduced and allowed for $2,573.79. The errors assigned raise the one question whether appellee's claim was presented in due time.

Sam T. Swansen, for appellant.

F. W. Hall, for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). The only matter presented to the court for its determination turns upon the construction to be placed upon the proceedings of the parties in the state courts after final judgment, wherein appellee's claim was liquidated. Unless these may be considered steps in the liquidation by litigation of the appellee's claim, it is evident that more than 60 days had elapsed after the claim was adjudicated in the state court when the claim was filed. While not entirely clear, it may be conceded that it appears from the stipulation of facts that on January 26, 1909, in pursuance of a stipulation between the parties, the Supreme Court entered an order offsetting the two judgments for costs against each other, leaving a judgment for costs in appellee's favor on that date of $119.70. Whether or not this latter order was a part of the liquidation proceedings contemplated by the statute may be doubted. Nor is it important, as we view it. Certainly, after this was done and the several amounts of the two judgments thus definitely ascertained, there remained nothing more that the state courts could do in liquidating appellee's claim. Between themselves, they proceeded very leisurely—i. e., from January 26, 1909, to April 16, 1909—to offset one judgment against the other and satisfy the balance due the trustee. Surely this transaction, covering the period from March 29, 1909, to April 16, 1909, was in no sense a part of the liquidation by litigation described in said section 57n of the statute. It was simply the negotiations of the parties, which might have been long or short, as they chose. It never has been held that, in the absence of fraud, delays so

caused would avail to suspend any statute of limitation, much less the exception of section 57n aforesaid.

There was no obstacle to prevent appellee's filing his proof of claim at any time within the time fixed by the act, without avoiding his preference. True, he could not have secured its allowance until liquidated and surrender of preference, nor be permitted to vote at a meeting of the creditors. It would nevertheless be a pending claim. By making his formal proof, he would bring himself within the statutory requirement as to time. Stevens v. Nave McCord Mercantile Co., 150 Fed. 75, 80 C. C. A. 25.

We are of the opinion that appellee failed to prove his claim against the bankrupt estate within the time prescribed by the act, and that it was barred and cannot be proved. The judgment of the District Court is therefore reversed, with direction to dismiss the claim.

BAKER, Circuit Judge, concurring, is of the opinion that when the Wisconsin Supreme Court overruled appellee's petition for rehearing, there was an end of the litigation by which the amount of appellee's claim as a general creditor of the estate was being determined or "liquidated by litigation."