### In re TRION MFG. CO.

(District Court, N. D. Georgia.   March 8, 1915.)

#### No. 389.

BANKRUPTCY ⬅328—CLAIMS—TIME FOR FILING.

 Under the express provisions of Bankr. Act (July 1, 1898, c. 541, § 57n, 30 Stat. 560 (Comp. St. 1913, § 9641), that claims, with certain exceptions, shall not be proved against a bankrupt estate subsequent to one year after the adjudication, a claim not coming within any of the exceptions, and filed more than two years after adjudication, is too late.

 [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 518; Dec. Dig. ⬅328.]

In Bankruptcy. Proceedings against the Trion Manufacturing Company. Decision of the referee, rejecting the claim of A. S. Hamilton, as guardian, affirmed.

See, also, 214 Fed. 161.

Maddox & Doyal, of Rome, Ga., for bankrupt.
M. B. Eubanks, of Rome, Ga., for claimant.

NEWMAN, District Judge. A. S. Hamilton, as guardian for his children, seeks to prove a claim against the bankrupt estate of the Trion Manufacturing Company. He first sought to prove it as a

secured debt, but afterward amended by seeking to prove it as an unsecured debt. The view of the referee on the subject is as follows:

"On the 23d of December, 1914, A. S. Hamilton, as guardian of A. S. Hamilton, Jr., Deforest A. Hamilton, and Margaret K. Hamilton, filed a petition before the referee, claiming priority in the sum of $2,606.16, which said sum petitioner claims was on deposit with the Trion Manufacturing Company at the time petition in bankruptcy was filed against it. Shortly after the filing of the petition by A. S. Hamilton, guardian, an amendment was filed by his attorneys, proving the claim as an unsecured debt. On the 12th of December, 1914, a final dividend of .029 per cent. was declared by the referee, and at the time of the filing of said petition all the checks to pay said dividend had been drawn and signed by the trustee, and countersigned by the referee, and were ready for mailing.

"The referee is of opinion that the filing of the amendment, proving said claim as an unsecured debt, is equal to a renunciation of a claim of priority. Certain it is that petitioner could not proceed both ways. The unsecured claim was filed about 2 years and 10 months after the adjudication in bankruptcy. The law provides that all unsecured claims shall be filed within 12 months subsequent to the adjudication; and this claim does not come within any of the exceptions to that rule. Consequently the referee is of the opinion that the claim is barred. Furthermore, under the evidence in this case, the claim of A. S. Hamilton, guardian, is not entitled to priority. It appears that the claim resulted from dividends on stock of the Trion Manufacturing Company, on which the purchase money has not been paid, and that the balance due to the Trion Manufacturing Company on said purchase money was in excess of the amount of the claim. Consequently the trustee would have the right to set off the amount due for said stock against the claim of A. S. Hamilton, guardian.

"In addition to this, the claim was filed after the declaration of a final dividend in the case, and the claimant has therefore lost whatever rights he had, for that reason. I do not think, in any view of the case, that the claim is entitled to priority, and I am certain that the unsecured claim is barred by the statute of limitations. Consequently the prayer of the petition is denied."

## Bankr. Act 1898, § 57n, is as follows:

"Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment: Provided, that the right of infants and insane persons without guardians, without notice of the proceedings, may continue six months longer."

There is no question under this statute that this claim was brought to the attention of the referee and sought to be proven too late. I do not see how it is possible for the referee to have decided the matter otherwise than he did. It seems that, even if A. S. Hamilton, as guardian, had been allowed to prove the claim, there would have been certain offsets set up on behalf of the trustee in bankruptcy; but I do not think that is very material here. The whole of the matter is that the claim came too late.

The decision of the referee is approved and confirmed.