## ATWOOD-LARSON CO. v. HASVOLD et al.

## In re RICHMOND EQUITY EXCH.

(Circuit Court of Appeals, Eighth Circuit.   April 8, 1922.)

No. 217.

Bankruptcy ☞339—Referee must hear objections to claim on the ground that creditor has received preferences.

Where objections are made to the claim of a creditor on the ground that he has received voidable preferences, it is the duty of the referee to hear evidence in support of such objections, and, if sustained, to disallow the claim as required by Bankruptcy Act, § 57g (Comp. St. § 9641), unless the preferences are surrendered.

Petition to Revise Order of the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

In the matter of the Richmond Equity Exchange, bankrupt. Petition by the Atwood-Larson Company to revise order of District Court as to objections of H. R. Hasvold and others, creditors. Affirmed.

Hugh J. McClearn and Leslie C. Gilbertson, both of Duluth, Minn., and R. A. Dunham, of Clark, S. D., for petitioner.

G. N. Williamson and Williamson, Williamson & Smith, all of Aberdeen, S. D., for respondents.

Before SANBORN, STONE, and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.   This petition to revise the action of the Bankruptcy Court recites that Richmond Equity Exchange, a corporation, was adjudged a bankrupt January 25, 1921, that the first meeting of creditors was held February 7, 1921, at which Hasvold and other creditors filed written objections to the allowance of the claim made by petitioner, on the ground that claimant had received from bankrupt within the four months' period $3,000 in money and wheat valued at $10,000, as payments on the indebtedness to petitioner, and which sums it was alleged by objecting creditors constituted voidable preferences. The referee denied the objecting creditors the right and opportunity to present proof to sustain their objections, overruled them without hearing any testimony and allowed petitioner's claim.   On review the Bankruptcy Court vacated the action of the referee and ordered—

"That the said order of the Referee, dated February 7th, 1921, refusing the request of the objectors to furnish evidence in support of the objections and overruling the objections and allowing the claim of Atwood-Larson Company, be and the same hereby is reversed and said matter is hereby returned to the Referee with instructions to set a date for hearing said objections, give due notice thereof to the parties interested, or their attorneys, and hear evidence in support of the objections filed to the claim of Atwood-Larson Company, and if it is found that the objections are established, that an order be made disallowing the claim of Atwood-Larson Company until they have surrendered any preference that it is found they had received as set forth in the objections to their claim when filed."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
    280 F.—25

This is the action complained of and which we are asked to revise as being erroneous in matter of law. Errors specified and argued here are all to the effect that the objections to the allowance of the claim presented a controversy that should be determined only in a plenary suit, and cannot be disposed of in this summary way without petitioner's consent. This is a mistaken view of what the referee was called on to determine. It was not a proceeding to recover the alleged preference, but to determine whether the referee would decline to allow the claim on account of petitioner's having received a voidable preference. It was clearly the duty of the referee to hear evidence on the objections interposed by Hasvold and other creditors. Bankruptcy Act, § 57 (Comp. St. § 9641) d, f, g. If those objections had been sustained the petitioner would not have been bound by that ruling to surrender the preference. It would have been at its option to do so and have its claim allowed in full, or to retain the preference and forego the immediate allowance of its claim. Stevens v. Nave-McCord Merc. Co., 150 Fed. 71, 75, 80 C. C. A. 25; In re Quinn, 165 Fed. 144, 91 C. C. A. 178; Evans v. Claridge, 176 Fed. 907, 909, 100 C. C. A. 377; Union Central Life Ins. Co. v. Drake, 214 Fed. 536, 550, 131 C. C. A. 82; Page v. Rogers, 211 U. S. 575, 29 Sup. Ct. 159, 53 L. Ed. 332. A similar condition was dealt with by this court in W. S. Peck & Co. v. Whitmer, 231 Fed. 893, 146 C. C. A. 89, brought up on appeal after the evidence on objections had been heard. There can be no doubt that the referee was in error, and that the order of the Bankruptcy Court directing him to correct that error was rightly made.

Petition dismissed at petitioner's costs.