## In re ATLANTIC, GULF & PACIFIC S. S. CO.

## In re STANDARD OIL CO. OF CALIFORNIA.

(District Court, D. Maryland. December 31, 1923.)

**Maritime liens ⟨⇒37—Shipping ⟨⇒154—Assignee of freights held to have no lien and claim for supplies furnished ship on voyage in which freights were earned superior to claim of assignee.**

The assignee of maritime freights, under assignment for advancements made without specifying maritime use, has no maritime lien, and his claim is inferior and subordinate to that of one who furnished fuel oil to the ship for voyage upon which assignee's claim is based.

In Bankruptcy. In the matter of the Atlantic, Gulf & Pacific Steamship Company, bankrupt. Intervening petition by the Standard Oil Company of California, claiming a maritime lien for supplies furnished on the last voyage of the steamship Charles H. Cramp. Decree for intervening petitioner.

Decree affirmed 3 F.(2d) 438. See, also, 287 F. 714, 289 F. 145.

George P. Whip, of Baltimore, Md., for Standard Oil Co. of California.

Stuart S. Janney and George Weems Williams, both of Baltimore, Md., for trustee.

ROSE, Circuit Judge. At San Francisco and San Pedro, the Standard Oil Company of California furnished fuel oil in the aggregate value of $9,708.38 to the steamship Charles H. Cramp for the last voyage from

the Pacific Coast to Providence, Rhode Island, made by it under the direction and control of the bankrupt. Certain freight moneys, of which the larger part were received from the Dutton Lumber Company under circumstances set forth in the opinion in these proceedings dealing with the intervening petition of John J. Orr & Son, 3 F.(2d) 309, handed down simultaneously herewith, were fully earned before the government took back the ship. There is no such direct connection between any particular item of the freight receipts and plaintiff's claim as was present there; but, in other respects, there would seem to be no difference between their legal status. The oil was furnished for the voyage upon which the freights were earned and therefore ranks the claim of the credit company as assignee of them, even if such assignment had been maritime as it was not. Freights of the Kate (D. C.) 63 F. 707, 722.