## In re FANT.

District Court, W. D. South Carolina.
August 16, 1927.

1. Bankruptcy ⊗═336—Anything in record which establishes claim may be basis of amendment into formal claim, after expiration of year.

When there is anything in the record which establishes a claim against the bankrupt, it may be used as a basis for amendment, after expiration of the statutory year, where substantial justice will be done by allowing the amendment.

2. Bankruptcy ⊗═336 — Involuntary petition, setting up claim of petitioner, held amendable into formal claim after expiration of year.

Where adjudication was made on the sole petition of one setting up a claim as creditor, and substantially all the assets of the estate were recovered in a suit by the trustee, brought at the instance of, and aided by, the petitioner, an amendment *held* properly allowable, making formal proof of petitioner's claim, after expiration of the statutory year for filing claims.

In Bankruptcy. In the matter of E. G. Fant, Sr., bankrupt. On review of order of referee dismissing petition of the People's Bank of Anderson, S. C., for leave to file amended proof of claim. Reversed and remanded, with directions.

O. H. Doyle, of Anderson, S. C., for Peoples' Bank of Anderson.
John K. Hood, Jr., of Anderson, S. C., for trustee.
S. D. Pearman, of Anderson, S. C., for bankrupt.

NORTHCOTT, Circuit Judge. This matter comes before the court upon the petition of the People's Bank of Anderson, S. C., for a review of the order of C. E. Cooley, Esq., referee, dismissing petition of said bank, requesting leave to file an amended formal proof of claim in the matter of E. G. Fant, Sr., bankrupt.

There seems to be no dispute as to the facts in this case. The People's Bank was the petitioner, and the sole petitioner that brought the bankrupt into court, and it was upon the petition of the bank, and upon at least part of the bank's alleged claim against the bankrupt, that E. G. Fant was adjudicated bankrupt. The claim of the petitioner was fully set up in the petition as at first filed, and was admitted in part to be correct by the bankrupt, and it was upon the claim of the bank, as partially admitted, that the special master, afterward the referee, based his recommendation to the court that Fant be adjudicated bankrupt. This was done.

Afterward the attorney of record for the bank as petitioner, acting as attorney for the trustee in this case, brought and prosecuted to a successful termination a suit in the state court to set aside a conveyance theretofore made by the bankrupt, and by this suit there was brought into the bankruptcy court a considerable fund. There is no other fund except this, with the exception of an insignificant amount recovered from insurance policies of the bankrupt. The expenses of the trustee's litigation in the state court far exceeded this amount. In the suit in the state court, the bank's claim against the bankrupt was set up, and the claim was passed on and upheld, at least in part, by the state court in its decision.

[1] After the expiration of the year fixed by the statute, it was discovered that the bank had filed no formal proof of claim, other than that set out in its petition, and the referee was petitioned by the bank for permission to file an amended proof of claim, or a proof of

claim on a nunc pro tunc order. This was refused by the referee.

The United States Circuit Court of Appeals for the Fourth Circuit, in the case of Globe Indemnity Co. et al. v. Keeble, Trustee, 20 F.(2d) 84, decided June 3, 1927, laid down the rule "that amendments to an imperfect claim, to make it correct, may be allowed after the expiration of the year for filing claims, if, in the opinion of the courts, such a course is in furtherance of justice." See authorities cited in this opinion.

The trend of modern decisions on this question, without exception, is to the effect that, where there is anything in the record in the bankruptcy case which establishes a claim against the bankrupt, it may be used as a basis for amendment after the expiration of the statutory year, where substantial justice will be done by allowing the amendment.

[2] The bank brought Fant into court, and it was upon the bank's petition, and the bank's claim set out therein, that Fant was adjudged a bankrupt. It was through the efforts of the bank's attorney, representing the trustee, that the fund was brought into court through the suit in the state court. It was through the efforts of the bank, as petitioner, that the trustee himself was appointed. The bank, at the request of the trustee, thereby recognizing it as a creditor in the bankruptcy case, agreed to pay the cost of the proceedings in the state court, and the bank co-operated in every way possible in that suit. The bank's claim was set up in the suit in the state court, and was at least partly used as the basis for the favorable result there obtained. There is no escaping the conclusion that, if it can be lawfully done, the bank should be allowed to participate in the distribution of the funds in the bankruptcy court as a creditor. Any other course would be inequitable and unjust in the extreme. That this is true was virtually admitted in the argument of the case.

The fact must be recognized that courts cannot legislate, and that, no matter how equitable or just a claim may be, it cannot be allowed, unless authorized by the Bankruptcy Act, properly interpreted. It remains, therefore, to be determined whether or not there was a sufficient claim filed, or sufficient appeared from the record of the case itself, within the year fixed by the statute, to support an amendment after the expiration of the year.

In Remington on Bankruptcy, vol. 2, § 747, it is said: "An amendment must be based upon an original claim filed. And the power of permitting amendment must not be perverted to let in dilatory creditors who have failed to file any proof of claim within the statutory year limited for filing claims. * * * "

Again in the same section it is said: "But, at any rate, the original proof need not be formal in order to support an amendment. Thus an agreement to accept a settlement, signed by the creditor and setting forth the amount and nature of his claim, will be sufficient to support an amendment. Again, a mere letter mentioning the claim, received by receiver and acknowledged by him to the creditor, has been held a sufficient basis."

It would seem from this authority and cases cited in the notes to section 747 that the allowance of the amendment addresses itself largely to the discretion of the court, provided there is a sufficient basis for the amendment. Again in the same authority (section 889), we find:

"Of course, there must have been an original proof duly filed within the year; otherwise there would be nothing by which to amend; and the power of amendment is not to be distorted to let in dilatory creditors who have filed no proof within the limited year. But the original claim need not have been styled 'proof of debt,' and the creditor's pleadings in a suit by the trustee may be sufficient. And the filing of an informal claim with the receiver or trustee may be sufficient. And the rule has been so relaxed by recent decisions that it has finally come to be held in one circuit that a failure to file within the year, owing to a 'pardonable mistake,' will warrant the allowance of a nunc pro tunc order, especially where it also appears that the claim was recognized by the court and the creditors as one entitled to share in composition proceedings."

In Re Salvator Brewing Co. (C. C. A.) 193 F. 989, the court said: "The testimony taken in proceedings before the referee presented all the facts necessary to establish Meyer's claim. This was not in the shape of a formal proof, it is true, but it cannot be questioned that the records of the bankruptcy court contain proof that these directors have a valid claim against the estate. It was but a reasonable exercise of its discretion for the court to permit an amendment, conforming the proof to the rules and practice of the court; the fact being undisputed that its own records informed the court that a perfectly valid claim existed." See, also, In re Standard & Electric Co. (D. C.) 186 F. 587.

In In re Faulkner (C. C. A.) 161 F. 900, it is said: A paper in no way purporting to be a proof of claim was held to be sufficient document upon which to base an amendment

filing a formal proof of claim. See, also, In re Roeber (C. C. A.) 127 F. 122; Buckingham & Estes (C. C. A.) 128 F. 584; In re Levinson (C. C. A.) 1 F.(2d) 851.

A petition for settlement signed by a creditor within the year has been held to constitute a sufficient claim to be amendable after the expiration of the year. In re Fairlamb (D. C.) 199 F. 278.

A letter to a trustee has been held sufficient upon which to base an amendment. In re Shipbuilding Co. (C. C. A.) 293 F. 190. There the court said:

"That the letter sets out, and was intended as, a claim against the estate, seems clear. Certainly it was not against the trustee as an individual. True, it does not 'meet the requirement' of the statutory proof of claim. But that is the justification for and not a bar to amendment. It does, however, meet most of the requirements and contains most of the essentials prescribed by statute and order in proof of claim—enough of both to give to the letter the substance of a proof of claim, and to warrant amendment to supply the absent items of proof. It is (1) a statement in writing; (2) signed by a creditor, the term including an agent; (3) setting forth the claim; (4) the consideration therefor; (5) that no payments have been made thereon; (6) that the sum claimed is justly owing from the bankrupt to the creditor, if not paid to the tax collector; and (7) with defective title of the bankruptcy proceedings; and it omits only title of court, verification, whether secured, and why made by agent. All this appears in the letter taken by four corners and in language informal, but reasonably construed, when read with the official tax statements it inclosed, and in the light of circumstances known to the trustee in possession of lease and premises."

How much more suitable for this purpose is the petition upon which the bankrupt was brought into court in this case. The referee is undoubtedly correct when he states that petition does not contain all the formal requisites required for proof of claim, but it does not necessarily follow that it does not contain enough upon which to base an amended proof that does contain the formal requisites required.

A careful examination of the authorities cited by the trustee in opposition to the petition to amend will not show any authority contrary to the trend of modern decisions to the effect that an amendment should be allowed wherever it is equitable to do so, and where there is sufficient proof in the record of the bankruptcy case itself to show the assertion of a claim or demand against the estate of the bankrupt.

In In re Thompson (C. C. A.) 227 F. 981, cited by trustee, the court says: "Whether formal or informal, a claim must show (as the word itself implies) that a demand is made against the estate, and must show the creditor's intention to hold the estate liable." This supports the general rule, and certainly the record in the instant case meets the requirements laid down in this opinion.

In In re Trion Manufacturing Co. (D. C.) 224 F. 521, the court said: "There is no question under this statute that this claim was brought to the attention of the referee and sought to be proven too late." This certainly is not the situation here.

In In re Muskoka Lbr. Co. (D. C.) 127 F. 886, the creditor knew nothing whatever of the bankruptcy proceedings until after the expiration of the year, and the opinion has no bearing on this case.

In In re Kemper (D. C.) 142 F. 210, the question of the good faith of the creditor was raised, and the creditor had engaged in litigation against the trustee. In this case the good faith of the bank seems plain, and the bank was aiding the trustee in litigation in the state court.

In Bray et al. v. Cobb (D. C.) 100 F. 270, nothing appeared in record concerning the claim until after the expiration of the year. The same is true in In re Knosco (D. C.) 208 F. 201, In re Sanderson (D. C.) 160 F. 278, In re Meyer (D. C.) 181 F. 904, and In re Peck (C. C. A.) 168 F. 48.

In In re Dunn Hdwe. Fur. Co. (D. C.) 132 F. 719, the case was submitted upon a defective petition and no request was made to amend. The same is true in In re Hudson Porcelain Co. (D. C.) 225 F. 325, where the claimant refused to avail himself of an opportunity to amend.

In In re Keller (D. C.) 252 F. 942, cited by the trustee, leave was expressly given to amend and the opinion of the court sustains the right to amend in a proper case.

In In re Stevens (D. C.) 107 F. 243, it was held that the amendment could not set up a new and different claim; and, while there is no statement of facts in In re Moebius (D. C.) 116 F. 47, the same situation appears to have existed.

A careful reading of the opinion in In re Baker's Baking Co. (D. C.) 285 F. 652, cited by the referee in his opinion denying right to amend, will sustain the right in this case rather than deny it. In this case the creditor was

engaged in litigation against the trustee instead of with him as in the instant case. The court said:

"Section 57n [11 USCA § 93], however, distinguishes in its terms between the proof of claims and liquidation of claims by litigation. In the case of Buckingham v. Estes [ (C. C. A.) 138 F. 584], supra, and similar cases cited by counsel for the petitioner, the assertion of the claimant's right was in the bankruptcy proceedings, and the informal claim and the liquidation by litigation were therefore identical. In the present case, the liquidation by litigation upon which final judgment was rendered was no part of the bankruptcy proceedings, and therefore was not a proof of claim before the referee, which is subject to amendment."

It does not appear that the bank can properly be charged with dilatoriness or laches in this case, when it caused to be filed a petition that resulted in Fant being adjudicated a bankrupt. Its attorney represented the trustee in the suit in the state court that produced the fund that is to be distributed. The petition of the bank in the proceeding in bankruptcy clearly asserted a claim, and the record in the bankruptcy case plainly shows the existence of a claim of the bank against the estate of the bankrupt. This is, in my opinion, sufficient upon which to base an amendment after the expiration of the year fixed by statute, and I am clearly of the opinion that leave should be granted the bank to file its amended proof of claim, without, however, any adjudication as to the validity of said claim after the filing of said amended proof.

Whereupon, after due consideration, it is ordered and adjudged that the order of the referee, denying leave to amend, be and the same is hereby disapproved and set aside, and this cause is remanded to him, with instructions to permit the filing of an amended proof of claim by the People's Bank of Anderson.