In re ATLANTIC GULF & PACIFIC S. S. CORPORATION.

District Court, D. Maryland. May 11, 1928.

No. 3776.

1. Bankruptcy ⬚336—Where there is on record in bankruptcy within year specified anything showing claim, it may be amended after expiration of period into formal claim (Bankruptcy Act, § 57(n), 11 USCA § 93(n).

Where there is on record in bankruptcy proceedings within year as specified anything which is sufficient to show existence, nature, and amount of claim, it may be amended after expiration of period into formal claim, notwithstanding Bankruptcy Act, § 57(n), 11 USCA § 93(n), and it is sufficient if original claim is preferred and subsequent amended claim general.

2. Bankruptcy ⬚336—After expiration of statutory period of limitations, allowance of amendment of proof of claim is discretionary (Bankruptcy Act, § 57(n), 11 USCA § 93(n).

After expiration of period of limitations provided for in Bankruptcy Act, § 57(n), 11 USCA § 93(n), allowance of amendment of proof of claim is discretionary with court.

3. Bankruptcy ⬚336—Refusal to accept amended proof of claim after expiration of statutory period of limitations held not error, where allowance of claim would be futile (Bankruptcy Act, § 57(n), 11 USCA § 93(n).

Refusal to accept amended proof of claim after expiration of period of limitations provided for in Bankruptcy Act, § 57(n), 11 USCA § 93(n), held not error, notwithstanding that there was on record in bankruptcy proceedings within year as specified petition claiming lien, where entire estate had been distributed and allowance of claim would be futile act.

In the matter of the Atlantic Gulf & Pacific Steamship Corporation, bankrupt. Refusal of the referee to accept amended proof of claim presented by the Standard Oil Company affirmed.

George W. P. Whip, of Baltimore, Md., for Standard Oil Co.

WILLIAM C. COLEMAN, District Judge. The question here presented is whether an amended proof of claim should be allowed after the expiration of the period of limitations provided for in section 57(n) of the Bankruptcy Act, which is as follows: "Claims shall not be proved against a bankrupt estate subsequent to one year after the adjudication; or if they are liquidated by litigation and the final judgment therein is rendered within thirty days before or after the expiration of such time, then within sixty days after the rendition of such judgment: Provided, that the right of infants and insane persons without guardians, without notice of the proceedings, may continue six months longer." 11 USCA § 93(n).

It appears that the Atlantic Gulf & Pacific Steamship Corporation was adjudicated an involuntary bankrupt on August 15th, 1922. Within the required year thereafter, the Standard Oil Company filed a petition *in the bankruptcy proceedings,* claiming a lien upon certain freight money earned by vessels of the bankrupt, to which oil, etc., had been furnished by petitioner. This matter was heard, and the lien allowed in part and denied in part. In re Atlantic, Gulf & Pacific S. S. Co. (D. C.) 3 F.(2d) 311. The petitioner, assuming that it would receive a dividend upon the balance as an unsecured creditor, made no further proof of claim. A dividend was declared during the past year, but nothing was allowed petitioner upon such unsecured balance. Thereupon petitioner presented an amended proof of claim to the referee, setting forth the claim in full, the portion accorded a lien, and the unpaid balance. The referee refused to accept it. The court is now asked to review the referee's action.

[1, 2] It is well settled that, if there is upon record in the bankruptcy proceedings, within the year specified, anything which is sufficient to show the existence, nature, and amount of the claim, it may be amended after the expiration of the period into a formal claim. Thus it is sufficient if the original claim is a preferred one, and the subsequent amended claim, a general one, as here. In re Strobel (D. C.) 163 F. 787; In re Fant (D. C.) 21 F.(2d) 182; In re Coleman & Titus ·Co. (D. C.) 286 F. 303; In re Kardos (C. C. A.) 17 F.(2d) 706; In re Salvator Brewing Co. (C. C. A.) 193 F. 989. But allowance of the amendment is discretionary with the court, In re Salvator Brewing Co., supra; though it is the policy of courts to be liberal in this regard. See In re Thompson (C. C. A.) 227 F. 981, 983.

The present case is distinguishable from those where proceedings are taken *outside* of bankruptcy to assert liens and priorities. There the 60-day limitation applies, since there is nothing upon the bankruptcy record which may be amended into a formal proof of claim. In re Clover Creamery Association (C. C. A.) 176 F. 907; In re Baker's Baking Co. (D. C.) 285 F. 652.

As was said in Re Fant, supra (page 183):

"The trend of modern decisions on this question, without exception, is to the effect that, *where there is anything in the record in the bankruptcy case which establishes a claim*

*against the bankrupt,* it may be used as a basis for amendment after the expiration of the statutory year, *where substantial justice will be done by allowing the amendment."* (Italics inserted.)

[3] Therefore the amended proof should be allowed, as the record of the prior proceeding to assert a lien is a part of the record in bankruptcy, unless, however, there is some sound reason to the contrary. Such unquestionably exists in the present case, because the entire estate has been distributed; nothing remains out of which to pay petitioner, so the allowance of the claim would be a futile act. Petitioner's own laches are responsible for a condition which the court is powerless to remedy.