881 F.2d 1069
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Melvin C. PAUL, Trustee, Plaintiff-Appellant,
v.
Maryland Oil Company, Inc., Plaintiff,
v.
CALVERT OIL COMPANY, Defendant-Appellee.
 No. 89-2320.
 United States Court of Appeals, Fourth Circuit.
 Argued June 9, 1989.
Decided July 27, 1989.
Rehearing Denied Aug. 29, 1989.
 
 Mitchell Stevan (Weinstock, Stevan & Harris, P.A. on brief) for appellant.
 Alan M. Grochal (Melnicove, Kaufman, Weiner & Smouse, P.A. on brief) for appellee.
 Before ERVIN, Chief Judge, and SPROUSE, Circuit Judge, and RICHARD L. VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 The trustee in bankruptcy for Maryland Oil Company, Inc. appeals from a district court order, affirming a bankruptcy court order, allowing Calvert Oil Company's claim against the bankruptcy estate. We affirm.
 
 
 2
 The facts are undisputed. Maryland Oil ceased doing business in November 1982. Before that time, Calvert Oil had made advance payments of over $400,000 for oil which it never received. Maryland Oil was placed in bankruptcy in March 1983 as a result of an involuntary petition filed by Amoco Oil Company, and the notice of the first meeting of creditors was circulated on October 24, 1983. Calvert Oil, along with the other acknowledged creditors of Maryland Oil, received notice on that date that the bar date for filing claims was March 16, 1984, but it did not file its claim until June 13, 1986.
 
 
 3
 The district court determined, based on facts in the record, that Calvert Oil had filed an informal claim prior to the bar date and, therefore, treated the formal claim, filed after the bar date, as an amendment to a timely claim. In support of its conclusion, the district court noted that on February 1, 1983, prior to the bankruptcy petition, Maryland Oil had executed an assignment for the benefit of creditors listing Calvert Oil as a creditor. Melvin Paul, the assignee in that action, subsequently became trustee in bankruptcy. Further, Calvert Oil had appeared as a creditor in several bankruptcy court proceedings. For instance, it had appeared and objected to a proposed stipulation between Amoco Oil Company and the trustee. In addition, on February 24, 1986, it had moved to dismiss the bankruptcy proceeding on the ground that Amoco, by filing the involuntary petition, was attempting to avoid a preference action under state law.
 
 
 4
 In Fyne v. Atlas Supply, 245 F.2d 107 (4th Cir.1957), we held
 
 
 5
 The trend of modern decisions on this question, without exception, is to the effect that, where there is anything in the record in the bankruptcy case which establishes a claim against the bankrupt, it may be used as a basis for amendment after the expiration of the statutory year, where substantial justice will be done by allowing the amendment.
 
 
 6
 Id. at 108 (quoting In re Fant, 21 F.2d 182, 183 (D.S.C.1927)). We indicated that we favor "the greatest liberality in the allowance of the filing of amended proofs of claim if there is anything in the record to support it." Id. at 109 (quoting In re Quality Publications, Inc., 12 F.Supp. 651, 652 (S.D.N.Y.1935)). We are satisfied that the bankruptcy court and the district court correctly applied these principles in finding, under the circumstances of this case, that Calvert Oil had filed a timely informal claim and treating the later formal claim as an amended claim.
 
 
 7
 In view of the above, the judgment of the district court is affirmed.
 
 
 8
 AFFIRMED.